GARRISON, Judge.
Plaintiff, Melvin Labeaud, Sr., sustained a serious back injury in August, 1982 when he was unloading a truck during the course and scope of his employment with defendant, George H. Lehleitner and Company (hereinafter referred to as Lehleitner). Plaintiff filed a claim for worker’s compensation benefits and, subsequently, was paid weekly benefits of $144.00 per week by Liberty Mutual Insurance Company, Lehle-itners worker’s compensation insurer, from September 2, 1982 until March 20, 1988.
At the time of the 1982 accident, plaintiff was also employed full-time by the City of New Orleans as a maintenance worker at the Municipal Traffic Court Building. Although plaintiff never returned to his job at Lehleitner following his 1982 surgery, he returned to work for the City of New Orleans in 1983 and worked there continuously until November 6, 1987.
On November 6, 1987, plaintiff injured his back while operating a power buffing machine during the course and scope of his employment with the City of New Orleans. Plaintiff filed a claim for worker’s compensation alleging that he incurred physical disability as a result of the November 1987 accident which aggravated a pre-existing back injury and that he is entitled to receive worker’s compensation benefits from the City. According to plaintiff, this petition for worker’s compensation was filed in Civil District Court because the defendant, City of New Orleans, refused to pay plaintiff worker’s compensation benefits and to provide him with medical treatment. In that petition, plaintiff requested that the City be ordered to pay him worker’s compensation benefits of $127.66 per week for the period starting November 7, 1987 and continuing for the duration of plaintiff’s disability, plus penalties, attorney’s fees, interest on past due payments, and all reasonable and necessary medical expenses incurred as a result of his back injuries.
Shortly thereafter, plaintiff filed a petition for worker’s compensation benefits in Civil District Court against Lehleitner and Liberty Mutual requesting that those defendants be ordered to pay him worker’s compensation benefits of $177.00 per week for the period starting August 23, 1982 and continuing for the duration of plaintiff’s disability plus penalties, attorney’s fees, in *626 terest on past due payments, and all reasonable and necessary medical expenses incurred as a result of his back injury suffered in 1982 and to guarantee payment of medical expenses for further surgery allegedly needed by plaintiff as a result of his back injury.
Plaintiffs cases against Lehleitner and Liberty Mutual and the City of New Orleans were consolidated for trial. After trial, the trial judge rendered judgment with written reasons in favor of plaintiff and against Liberty Mutual Insurance Company, George H. Lehleitner and Company and the City of New Orleans jointly, severally and in solido as follows:
... for temporary weekly benefits from November 6, 1987, until further orders of this court and for medical expenses including the hospitalization by Dr. Cary for the proposed spinal fusion and other related medical expenses.
Defendants Liberty Mutual and George H. Lehleitner and Company filed a motion for new trial alleging that the evidence showed that while receiving worker’s compensation benefits from Liberty Mutual for allegedly total and permanent disabilities resulting from his 1982 accident, plaintiff was able to work and, in fact, worked for the City of New Orleans. Therefore, defendants claim that plaintiff was not entitled to receive the benefits which he received from Liberty while he was gainfully employed elsewhere. These defendants also argue in the motion for new trial that plaintiff’s failure to tell any of his treating physicians that he was working for the City amounted to an effort to deprive Liberty Mutual of its rights in this matter. The defendants also argued that the trial court judgment is vague in that it awards temporary weekly benefits to plaintiff but does not state the amount of these benefits.
The plaintiff also filed a motion for new trial and/or to amend the judgment because the judgment was silent as to penalties and attorney’s fees. The trial judge denied the motion for new trial filed by Lehleitner and Liberty Mutual and also denied the motion for new trial and/or to amend the judgment filed by plaintiff. The plaintiff and defendants Lehleitner and Liberty Mutual appealed the trial court judgment. The City of New Orleans did not appeal.
On appeal, all of the appellants correctly argue that the trial court judgment was vague in that it did not specify the amount of compensation owed to the plaintiff by the defendants. However, rather than remand this case to the trial court for clarification, the record in this case contains sufficient evidence for this court to clarify the trial court judgment.
The record consistently shows that plaintiff received weekly compensation benefits of $144.00 from George H. Lehleitner and Company through its insurer, Liberty Mutual Insurance Company. This amount was based on his weekly wages at the time of the 1982 accident of $216.00. The amount of compensation payments was calculated according to LSA-R.S. 23:1202(A), in effect at the time of the 1982 accident, which states, in pertinent part:
A. The maximum compensation to be paid under this Chapter for injuries occurring on or after September 1, 1975, and on or before August 31, 1976, shall be eighty-five dollars per week; and for injuries occurring on or after September 1, 1976, and on or before August 31, 1977, the maximum weekly compensation to be paid under this Chapter shall be ninety-five dollars per week and the minimum compensation shall be thirty dollars per week. For injuries occurring on or after September 1, 1977, and before July 1, 1983, the maximum weekly compensation to be paid under this Chapter shall be sixty-six and two-thirds percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law, and the minimum compensation shall be not less than twenty percent of such wage, said maximum and minimum to be computed to the nearest multiple of one dollar. For injuries occurring on or after July 1, 1983, the maximum weekly compensation to be paid under this Chapter shall be seventy-five percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law, *627 and the minimum compensation for total disability shall be not less than twenty percent of such wage, said maximum and minimum to be computed to the nearest multiple of one dollar. There shall be no minimum compensation for benefits payable pursuant to R.S. 23:1221(3) or (4). In any case where the employee was receiving wages at a rate less than the applicable minimum compensation, the compensation shall be the employee’s ‘wages’.
Therefore, the trial court judgment will be clarified to state that defendants Lehleitner and Liberty Mutual are liable to plaintiff for weekly compensation benefits of $144.00 subject to credit for compensation payments already made to plaintiff.
The record is more confusing regarding the amount of weekly compensation benefits due to plaintiff from the City of New Orleans. The plaintiff testified that, at the time of his accident which occurred while working for the City, he received $236.00 in wages every other week, or $118.00 weekly. In an affidavit executed by the plaintiff, he stated that his weekly wage from the City was $170.00.
The most reliable evidence of plaintiff’s weekly wages from the City is contained in the exhibits. Plaintiff’s payroll time sheets and the notice sent to him from the City regarding the termination of his employment indicate that he was being paid at an hourly rate of $4.7365 at the time of his accident, or $189.46 weekly. Using that figure and applying the rules regarding calculation of compensation benefits in LSA-R.S. 23:1202 as stated above, the City owes weekly compensation benefits of $126.00.
Plaintiff’s counsel states in his original brief that the City began paying plaintiff weekly compensation benefits of $126.00 in November of 1989 and that the City paid the plaintiff benefits from November 6, 1987 and was continuing regular payments at the time of this appeal. Although there is no evidence in the record showing that the City has made these payments, the trial court judgment will be clarified to state that the City owes plaintiff weekly compensation benefits of $126.00 from November, 1989 subject to credit for compensation payments already made to plaintiff.
The plaintiff also argues on appeal that the trial court erred in failing to award him penalties and attorney’s fees. The test for determining whether an employee is entitled to penalties and attorney’s fees is whether a termination or refusal to pay benefits is arbitrary, capricious or without probable cause. LSA-R.S. 23:1201.2, Olson v. Insurance Company of the State of Pennsylvania, 471 So.2d 1151 (La.App. 3rd Cir.1985), writ denied, 476 So.2d 352 (La.1985). In his reasons for judgment, the trial judge does not state whether or not any of the defendants were arbitrary, capricious or without probable cause in terminating or refusing to pay worker’s compensation benefits to plaintiff.
However, as stated above, the trial judge denied plaintiff’s motion for new trial and/or to amend the judgment which was filed on the grounds that the trial judge erred in failing to award penalties and attorney’s fees to plaintiff. Therefore, the trial judge did consider whether or not the defendants were arbitrary, capricious, or without probable cause in terminating or refusing to pay worker’s compensation benefits to plaintiff and found that they were not. A review of the record does not indicate that finding to be manifestly erroneous. Therefore, this assignment of error is without merit.
Defendant Liberty Mutual and Lehleit-ner also argue on appeal that the trial court erred in holding them liable for the payment of compensation benefits and medical costs subsequent to November 6, 1987. Defendants argue that plaintiff’s August 1982 accident while working at Lehleitner was not a contributing cause or a cause in fact of plaintiff’s disability suffered as a result of his November 1987 accident while working for the City.
If an employee in a worker’s compensation claim suffers disability due to the combination of two incidents or by virtue of the second incident aggravating the injury suffered in the first incident, both *628 the subsequent compensation insurer and the insurer at the time of the first incident are solidarily liable for compensation benefits and medical expenses. Daigle v. Lajet, Inc., 504 So.2d 1126 (La.App. 5th Cir.1987). The trial judge stated in his reasons for judgment his findings that the incident on November 6, 1987 occurred while plaintiff was working within the course and scope of his employment with the City and that incident aggravated the 1982 injury which occurred while plaintiff worked for Lehleit-ner and for which Liberty Mutual was paying compensation benefits and medical expenses.
There is sufficient evidence in the record to support this finding by the trial judge. The depositions of Dr. George Cary demonstrate that plaintiffs second injury which occurred in 1987 aggravated his prior injury which occurred in 1982. Therefore, because this finding was not manifestly erroneous, Liberty Mutual and Lehleitner’s argument that the trial court erred in holding them liable for plaintiff's compensation benefits and medical expenses subsequent to November 6, 1987 is without merit.
These defendants also argue that the trial, court erred in accepting the plaintiff as a credible witness. They claim that the plaintiff was deceitful in failing to inform his doctor that he was working for the City from 1983 through 1987 and that his injury sustained on November 6, 1987 occurred while he was working for the City. These defendants also argue that plaintiff was deceitful in not revealing to Liberty Mutual that he had become gainfully employed by the City and in continuing to accept compensation payments from Liberty Mutual while he was gainfully employed.
The trial judge noted in his reasons for judgment some of the discrepancies in plaintiffs testimony including his failure to inform Dr. Cary about his employment with the City and about the circumstances surrounding the November 6, 1987 accident. However, the trial judge observed the credibility of the plaintiff and found that he “appears to be a sincere hard working individual but of limited intellectual capacity who does not verbalize very well.” The record in this case supports this finding of the trial judge. Although there are many discrepancies in plaintiffs testimony, there does not appear to be an intent to deceive on his part. Because the trial judge is in the best position to evaluate the credibility of witnesses, his finding that plaintiff was a credible witness was a reasonable one and will not be disturbed on appeal.
Finally, these defendants argue that the trial court erred in failing to allow a reimbursement to them of credit for the amount of compensation paid to plaintiff by Liberty Mutual while plaintiff was gainfully employed by the City. The record indicates that, after the 1982 accident, Liberty Mutual began paying worker’s compensation benefits to plaintiff for total and permanent disability. The section in LSA-R.S. 23:1221 pertaining to compensation payments for permanent total disability, as it was written at the time of the 1982 accident, made no provision for an employer to receive credit for wages subsequently paid to the employee by other employers.
In Zito v. Standard Accident Insurance Company, 76 So.2d 25 (La.App. 1st Cir.1954), the plaintiff was found to be totally disabled by an injury suffered in a job-related accident and his employer was ordered to pay him worker’s compensation benefits. In that case, the court held that plaintiff’s employer was not entitled to credit for wages paid to plaintiff by subsequent employers for work of the same nature. The court reasoned that the subsequent employer owes the plaintiff nothing in the way of worker’s compensation for his prior injury because the subsequent employer never insured the plaintiff against disability on the job on which he was injured; therefore, the total amount plaintiff receives in wages from the subsequent employer bears no relation to the compensation which plaintiff is entitled to recover from his former employer or his insurer and which has already been established. Zito v. Standard Accident Insurance Company, supra. See also LaRosa v. Insurance Company of North America, *629 206 So.2d 135 (La.App. 4th Cir.1968), writ refused, 251 La. 1037, 208 So.2d 319 (1968).
Therefore, defendants Lehleitner and Liberty Mutual’s argument that the trial court erred in failing to allow a reimbursement to them of credit for the amount of compensation paid to plaintiff by Liberty Mutual while plaintiff was gainfully employed by the City of New Orleans is without merit.
Accordingly, for the reasons stated above, the trial court judgment is affirmed as clarified as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Melvin Labeaud, Sr. and against Liberty Mutual Insurance Company and George H. Lehleitner and Company and the City of New Orleans, jointly, severally and in solido as follows: for temporary total weekly benefits in the amount of $144.00 payable by George H. Lehleitner and Company and Liberty Mutual Insurance Company and in the amount of $126.00 payable by the City of New Orleans from November 6, 1987, until further orders of the trial court and for medical expenses including the hospitalization for the proposed spinal fusion and other related medical expenses and for all costs of these proceedings. The amounts owed by George H. Lehleitner and Company, Liberty Mutual Insurance Company and the City of New Orleans are subject to credit for compensation benefits already paid by these parties to plaintiff.
AFFIRMED.
PLOTKIN, J., dissents in part, with written reasons.