712 So.2d 560 (1998)
Thomas HILL, Plaintiff-Appellee,
v.
MANPOWER-COLLIER INVESTMENTS, Louisiana Worker's Compensation Corporation, J & R Express, Inc., and Louisiana Safety Association of Timbermen Self-Insurers' Fund, Defendants-Appellants.
No. 30444-WCA.
Court of Appeal of Louisiana, Second Circuit.
April 8, 1998.
*562 Eskridge E. Smith, Jr., Bossier City, for Defendants-Appellants.
Mills, Timmons & Flowers by William T. Allison, Shreveport, for Plaintiff-Appellee.
Before MARVIN, WILLIAMS and PEATROSS, JJ.
PEATROSS, Judge.
From a judgment rendered by the Office of Workers' Compensation, employer J & R Express, Inc. ("J & R"), appeals and claimant Thomas Hill ("Hill") answers, assigning as error various aspects of the judgment. For the reasons expressed, we amend the calculation of benefits due Hill. In all other respects, we affirm the judgment.

FACTS
In 1994, claimant Thomas Hill was employed as a truck driver by Manpower-Collier Investments ("Manpower"), which was insured by the Louisiana Workers' Compensation Corporation ("LWCC"). On September 15, 1994, Hill injured his right shoulder in the course and scope of his employment. Hill was unable to work due to his injury and ultimately underwent rotator cuff surgery.
In August 1995, Hill's treating physician Dr. Austin Gleason released Hill to work with restrictions, assigning Hill one percent total body impairment. Hill continued to experience pain and returned to Dr. Gleason complaining of popping and grinding in the injured shoulder. Subsequently, Dr. Gleason gave Hill injections of Celestone/Marcaine in the shoulder on several occasions, including an injection on February 26, 1996.
*563 Hill subsequently sought employment as a truck driver with J & R. Before he could begin his employment, Hill was required to pass a Department of Transportation physical. Dr. Fred Sullivan performed the physical and approved Hill for the driving position. Hill began working as a long-haul truck driver for J & R on March 6, 1996.
Hill alleges he sustained a second accident on May 4, 1996, injuring the same shoulder involved in the first accident. He returned to Dr. Gleason on May 9, 1996, complaining of pain in the injured shoulder. Dr. Gleason treated Hill with injections and recommended physical therapy. Hill's condition did not resolve satisfactorily, however, and on February 13, 1997, Dr. Gleason recommended a repeat MRI. The MRI had not been performed, however, by the date the trial was held on Hill's claim.
Hill filed a claim in this matter initially against LWCC and Manpower on June 7, 1996. J & R was added as a defendant after LWCC answered alleging that a second accident occurred on May 4, 1996. Hill sought temporary total disability, supplemental earnings benefits from LWCC, payment of medical treatment and penalties and attorney fees.
At trial, the hearing officer ordered LWCC to pay supplemental earnings benefits for the months of March and April 1996 and held both employers liable in solido for temporary total disability benefits from May 4, 1996, in the amount of $246.14 per week. This amount was determined using the average weekly wage of $369.21 earned by Hill at J & R. J & R and LWCC were also held solidarily liable for all past and future medical expenses caused by the accident of May 4, 1996.
The hearing officer granted penalties and attorney fees on some issues, while denying them on others. Penalties and attorney fees were assessed against LWCC for its failure and refusal to pay supplemental earnings benefits and its failure and refusal to provide medical treatment or pay for medical expenses. The hearing officer dismissed, however, the claim for penalties and attorney fees against LWCC arising from the nonpayment of temporary total disability. J & R was assessed with penalties and attorney fees for its failure and refusal to pay temporary total disability benefits. The claim against J & R for penalties and attorney fees arising from failure to provide medical treatment was dismissed. This appeal followed.

DISCUSSION
In its appeal, J & R urges that the hearing officer erred in (1) finding Hill met his burden of proof of showing that a second accident occurred on May 4, 1996; (2) holding J & R solidarily liable with LWCC for workers' compensation benefits from May 4, 1996, forward; (3) holding J & R solidarily liable with LWCC for medical expenses from May 4, 1996, forward; and (4) assessing penalties and attorney fees against J & R for its failure and refusal to pay temporary total disability benefits from the date it had notice of the claim.
Hill answered, urging on appeal that the hearing officer erred in (1) determining the amount of temporary total disability benefits due him; (2) failing to award attorney fees against LWCC for its failure and refusal to pay temporary total disability benefits after the second accident; and (3) failing to assess attorney fees against J & R for its failure and refusal to provide necessary medical treatment.[1]
Compensation benefits are available for claimants who suffer "personal injury by accident arising out of and in the course of" employment. LSA-R.S. 23:1031(A). An individual seeking temporary total disability benefits must prove by clear and convincing evidence that he is physically unable to engage in any employment or self-employment. LSA-R.S. 23:1221(1).
The hearing officer's findings are subject to the same standard of review, manifest error, as a trial court's. Alexander v. Pellerin Marble & Granite, 93-1698 *564 (La.1/14/94), 630 So.2d 706; Graham v. Georgia-Pacific Corp., 26, 165 (La.App.2d Cir. 9/23/94), 643 So.2d 352. Under this standard, the reviewing court does not ask whether the factfinder is right or wrong, but whether its conclusion was reasonable. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Graham, supra. Where documents or objective evidence so contradict the witness' story, or the story itself is so internally inconsistent or implausible on its face that a reasonable factfinder would not credit the witness' story, the court of appeal may find manifest error or clear wrongness even in a finding purportedly based on credibility. Rosell v. ESCO, 549 So.2d 840 (La.1989). The court of appeal shall render any judgment which is just, legal and proper upon the record on appeal. La. C.C.P. art. 2164.
In addition to weekly benefits for work-related accidents, the employer is also liable for all necessary medical and surgical treatment. LSA-R.S. 23:1203(A). The claimant must prove that the expenses are reasonably necessary for treatment of the medical condition caused by the work-related injury. Whittington v. Rimcor, Inc., 601 So.2d 324 (La.App. 2d Cir.), writ denied, 605 So.2d 1366 (1992); Graham, supra.
The statute also requires the employer to pay temporary total disability benefits due within 14 days of notice of injury and loss. LSA-R.S. 23:1201(B). For failure to pay timely, a penalty and attorney fees may be assessed unless the claim is reasonably controverted or the nonpayment results from conditions over which the payor had no control. LSA-R.S. 23:1201(F)(2). These provisions are penal in nature and must be strictly construed, allowing recovery only in cases where the facts negate probable cause of nonpayment. Cleveland v. Delhi Guest Home, 29,506 (La.App.2d Cir. 5/7/97), 694 So.2d 607; Stevens v. Wal-Mart Store, Inc., 27,977 (La.App.2d Cir. 11/1/95), 663 So.2d 543. Absent manifest error, a hearing officer's decision to award penalties and attorney fees will not be disturbed. Taylor v. Garrett, 28,729 (La App.2d Cir. 10/30/96), 682 So.2d 831.

New Accident on May 4, 1996
In its first assignment of error, J & R asserts that the hearing officer erred in holding that the claimant met the burden of proof to show there was a new accident on May 4, 1996. LSA-R.S. 23:1021(1) defines an employment related accident as:
an unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
J & R argues first that Hill failed to establish that an "event" occurred on May 4, 1996. J & R stresses that Hill did not seek medical treatment until May 9, 1996, five days after the accident. J & R further urges that when Hill saw Dr. Gleason on this date, Hill complained of pain in the right shoulder, the same area he had previously injured. J & R also stresses that the dispatcher's testimony contradicted Hill's testimony that he reported the incident.
Hill testified that an incident occurred on May 4, 1996, when he was attempting to unhook a flat bed trailer from a truck. He stated that when he reached under the trailer to pull the fifth wheel latch, he had both hands on the handle and was applying pressure to unhook the latch. Hill testified that, when he jerked on the handle, his left hand slipped, causing his right shoulder to bear all the pressure. Hill's wife testified that she was present when the accident occurred. She stated she saw Hill jerk on the handle and the latch did not loosen. She said she then saw Hill walk away. She asked Hill what happened and Hill said he had hurt his shoulder again.
Dr. Gleason's report of Hill's May 9, 1996 visit contains a history describing what Hill told Dr. Gleason. The report parallels Hill's testimony concerning the incident and states that Hill related that his right shoulder "popped almost as if it came out of the joint." The report further indicates that Hill had immediate pain and limited motion since the incident.
We cannot say the hearing officer was manifestly erroneous in finding an event occurred on May 4, 1996, while Hill was working *565 for J & R. Hill and his wife testified to the occurrence of the incident. Hill reported the same episode to Dr. Gleason five days later, which he testified was the earliest date on which he could get an appointment. Credibility is the province of the fact-finder and, in the absence of internal inconsistencies or contradicting objective evidence, we cannot say the hearing officer was clearly wrong in crediting the testimony of Hill and his wife.
J & R further argues that Hill failed to establish that the incident of May 4, 1996, produced "objective findings of an injury." J & R asserts that, following May 4th, Hill had the same subjective complaints and was treated with Cortisone injections, in the same manner as before the incident.
The hearing officer found Hill to have met his burden of proof of showing objective findings of injury and we cannot say this finding was clearly wrong. Hill testified that when his hand slipped, all the pressure went to his right shoulder, causing injury. Dr. Gleason's history and report corroborate the testimony of Hill and his wife. Further, Dr. Gleason testified by deposition that Hill's condition was worse on May 9, 1996 than it had been in late 1995 and February 1996. This argument is without merit.

Solidary Liability of Successive Employers for Compensation Benefits and Medical Expenses
In its second and third assignments of error, J & R argues that the hearing officer erred in holding it solidarily liable for compensation benefits and medical expenses from May 4, 1996, forward.
When a combination of work-related accidents causes a disability, or where by virtue of a second accident a prior injury is aggravated causing disability, both the subsequent employer and the employer at the time of the first work-related accident are solidarily liable for compensation benefits and medical expenses. DeGruy v. Pala, Inc., 525 So.2d 1124 (La.App. 1st Cir.), writ denied, 530 So.2d 568 (La.1988). See also Gales v. Gold Bond Bldg. Products, Div. Of Nat. Gypsum Co., 493 So.2d 611 (La.1986).
As stated by this court in Loud v. Dixie Metal Co., Inc., 506 So.2d 1355 (La.App. 2d Cir.1987),
When a plaintiff's present disability is due to a combination of incidents or to a second accident aggravating the prior injury, both the compensation insurer of the first accident and the compensation insurer of the second accident are liable in solido for compensation benefits.
Loud v. Dixie Metal, Co., Inc., supra, at 1358.
J & R seemingly argues that, in the case of a worker suffering separate injuries under successive employers, solidarity does not exist when the second accident causes an aggravation of the worker's previous injury. In brief, J & R cites Labeaud v. City of New Orleans, Department of Property Management, 576 So.2d 624 (La.App. 4th Cir.), writ denied, 581 So.2d 687 (La.1991). We note, however, the following language of the Labeaud court:
If an employee in a worker's compensation claim suffers disability due to the combination of two incidents or by virtue of the second incident aggravating the injury suffered in the first incident, both the subsequent compensation insurer and the insurer at the time of the first incident are solidarily liable for compensation benefits and medical expenses.
Labeaud v. City of New Orleans, Department of Property Management, supra, at 627-628.
Since the May 4, 1996 accident caused either a new injury or an aggravation of Hill's prior shoulder injury, the hearing officer correctly held J & R solidarily liable for compensation benefits and medical expenses. This argument is without merit.

Penalties and Attorney Fees Against J & R For Failure to Pay Temporary Total Disability Benefits
In its fourth and fifth assignments of error, J & R asserts that the hearing officer erred in awarding penalties and attorney fees against J & R for its refusal to pay temporary total disability benefits from the date it had notice of the claim. J & R argues that its position was that no accident occurred or, if one occurred, it did not result in objective *566 signs of injury; thus, it was reasonable for J & R not to pay Hill's claims. J & R stresses that Hill initially pursued this claim against Manpower/LWCC, later adding J & R as a defendant.
As stated above, a claim for attorney fees and penalties is allowed only if the claim was not reasonably controverted or if the nonpayment resulted from conditions over which the payor had no control. LSA-R.S. 23:1201(F)(2). Reasonably controverting a claim means that the payor has factual or medical information of such a nature that it reasonably counters that provided by the claimant. Cleveland v. Delhi Guest Home, supra; Davis v. Jones Baldwin Music Co., 27,545 (La.App.2d Cir. 11/1/95), 662 So.2d 803.
J & R does not argue that the nonpayment resulted from conditions beyond its control and it presented no medical evidence to controvert Hill's claim. The hearing officer found that there was no real bona fide dispute as to whether a second accident occurred, that there was no real, significant legal issue, and that J & R failed to reasonably controvert Hill's right to temporary total disability. The hearing officer noted that the real issue raised by J & R was not whether Hill suffered a disability, but which employer was going to pay. Stating that J & R was clearly aware that its employee Hill had been injured, the hearing officer found J & R's failure to pay temporary total disability benefits to be unreasonable. Absent manifest error, a hearing officer's decision to award penalties and attorney fees will not be disturbed. Taylor v. Garrett, supra. On the record presented, this is not manifest error.

Attorney Fees Against LWCC for Failure and Refusal to Pay Temporary Total Disability Benefits and Medical Treatment
In his answer to the appeal, Hill asserts that the hearing officer erred in failing to assess LWCC with attorney fees for its failure to provide benefits and pay for medical care following the second accident.[2] The hearing officer found, however, that LWCC presented evidence which reasonably controverted its liability for such payments, including that Hill had been released to return to work by Dr. Gleason and had passed the DOT physical at the time of the second accident. We cannot say this finding was manifestly erroneous.

Attorney Fees Against J & R for failure and Refusal to Pay For Necessary Medical Treatment
Hill asserts that the hearing officer erred in failing to assess attorney fees against J & R for its failure and refusal to pay for necessary medical treatment. The hearing officer stated that Hill had not shown demand was made on J & R for payment of any medical treatment expenses. We cannot say this finding was manifestly erroneous and find this argument without merit.

Determination of Benefits Due Hill
LSA-R.S. 23:1221(3)(e)(ii) is applicable to the instant case and provides:
If an employee receiving supplemental earnings benefits suffers a subsequent injury causing the payment of temporary total disability, permanent total disability, or supplemental earnings benefits, the combined benefits payable shall not exceed the maximum compensation rate in effect for temporary total disability at the time of the subsequent injury. Any reduction in benefits due to such limit shall be applied first to the supplemental earnings benefits payable as a result of the prior injury.
*567 Under LSA-R.S. 23:1202(A)(2), the maximum compensation to be paid is 75 percent of the average weekly wage paid in all employment subject to the Louisiana Employment Security Law. The statute further provides:
B. For the purposes of this Chapter, the average weekly wage in all employment subject to the Louisiana Employment Security Law shall be determined by the administrator of the office of employment security on or before August 1 of each year as of the quarter ending on the immediately preceding March 31 of each year. The average weekly wage so determined shall be applicable for the full period during which compensation is payable when the date of occurrence of injury falls within the twelve-month period commencing September 1 following the determination.
According to the Louisiana Register (Vol.21, No. 8, August 20, 1995), of which we are authorized to take judicial notice under LSA-R.S. 49:966(C), the state's average weekly wage paid in all employment subject to the Employment Security Law effective September 1, 1995 through August 31, 1996 was $440.55, making the maximum weekly compensation $330.
Since the supplemental earnings benefits and temporary total disability benefits payable to Hill would otherwise exceed the applicable statutory maximum weekly compensation of $330, the amount due Hill must be reduced. An application of the reduction first to the amount of supplemental earnings benefits due Hill from LWCC results in LWCC owing Hill $83.86 in supplemental earning benefits. J & R and LWCC remain liable in solido for the temporary total disability payments of $246.14 per week, based on the average weekly wage of $369.21 earned in the second job.

CONCLUSION
We amend the judgment to reflect that, in accordance with LSA-R.S. 23:1221(3)(e)(ii), benefits owed Hill are $83.86 in supplemental earnings benefits from LWCC and $264.14 per week in temporary total disability benefits for which LWCC and J & R are solidarily liable. In all other respects, the judgment is affirmed. Costs are assessed to J & R.
JUDGMENT AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] The issue of penalties was not raised in Hill's answer and Hill's counsel, at oral arguments, indicated no increase in penalties was sought.
[2] We note that the penalty and attorney fee provision were amended by La. Acts 1995, No. 1137. For accidents occurring on or after June 29, 1995, penalties and attorney fees are allowed unless the claim was reasonably controverted or the nonpayment resulted from conditions over which the payor had no control. LSA-R.S. 23:1201(F)(2) as amended. Prior to the amendment, the statute provided for attorney fees when the failure to pay benefits was found to be "arbitrary, capricious, or without probable cause" and provided for a penalty when the right to benefits was not "reasonably controverted" by the payor. See LSA-R.S. 23:1201 and 23:1201.2, prior to 1995 amendment. The parties have not argued which standard applies to LWCC's failure to provide benefits and we find that under either standard, the hearing officer was not manifestly erroneous in refusing to award penalties and attorney fees against LWCC for its failure to pay for medical treatment and to pay temporary total disability benefits.