845 So.2d 564 (2003)
Andrew ABADIE
v.
MARSIGLIA CONSTRUCTION COMPANY.
No. 2002-CA-2108.
Court of Appeal of Louisiana, Fourth Circuit.
April 9, 2003.
Writ Denied June 20, 2003.
*565 Joseph G. Albe, Metairie, LA, for Plaintiff/Appellee.
Max K. Jones, Jr., John J. Rabalais, Janice B. Unland, Robert T. Lorio, Rabalais, Unland & Lorio, Covington, LA, for Defendant/Appellant.
(Court composed of Judge TERRI F. LOVE, Judge DAVID S. GORBATY, Judge LEON A. CANNIZZARO, JR.)
TERRI F. LOVE, Judge.
Louisiana Commerce & Trade Association Self-Insurers' Fund appeals the workers' compensation court's judgment finding it jointly and in solido liable with Hanover Insurance Company for the plaintiff's second work-related injury, because the plaintiff failed to provide evidence of the occurrence of a second accident. We reverse the workers' compensation judge's ruling for the following reasons.

*566 FACTS AND PROCEDURAL HISTORY
On March 10, 2000, Andrew Abadie ("Abadie") stepped into a hole while carrying a bucket of materials and injured his lower back in the course and scope of his employment as a laborer. At the time of the accident, he was employed by Marsiglia Construction Company ("Marsiglia"), which was insured by Hanover Insurance Company ("Hanover"). Marsiglia's company doctor, Dr. Robert A. Steiner, diagnosed Abadie with Degenerative Lumbar Disc Disease and Lumbar Spondylolisthesis. Despite receiving several epidural lumbar injections prescribed to alleviate pain, Abadie continued to experience pain in his lower back and legs. Dr. Steiner released Abadie to work with restrictions, which permitted him to work light duty jobs. Subsequently, Abadie notified Dr. Steiner of the lack of availability of light duty jobs, and he stopped working. In June of 2000, Dr. Steiner released Abadie to work as a supervisor instead of as a laborer.
The following year, the week of March 19 through March 23, 2001, Abadie alleged he sustained a subsequent injury to his lower back. On March 29, 2001, Dr. Steiner noted, "Mr. Abadie has had a recurrence of back pain. He was doing more than his supervisory capacity last week while trying to meet a job deadline. At this time he is complaining of quite a bit of back pain and occasional radiation into the legs." Dr. Steiner prescribed Celebrex and Darvocet and advised Marsiglia that Abadie was not released for work for about two weeks.
In March of 2001, Marsiglia was insured by Louisiana Commerce & Trade Association Self-Insurers' Fund ("LCTA"). Hanover refused to provide benefits for the subsequent injury. LCTA refused to pay benefits to Abadie, because he allegedly failed to report a new "accident". Furthermore, LCTA argued that if there was a new "accident", then the subsequent injury was an aggravation of the prior back injury, which Hanover was solely responsible for payment of workers' compensation benefits. Both insurers maintained that the other was responsible for payment of benefits for Abadie's subsequent injury. Hanover, however, continued to pay for medical treatment stemming from the initial injury.
A claim was filed against Hanover for the March 10, 2000, accident and separate claim was filed against LCTA for the subsequent injury, which alleged an aggravation of the March 10, 2000, back injury. The two actions were consolidated for trial. The workers' compensation judge found Hanover liable for the payment of workers' compensation benefits for both the initial and second work-related accidents, and assessed applicable penalties and attorney's fees against it for failure to pay indemnity and/or medical benefits for the second accident. Furthermore, the workers' compensation judge found LCTA solidarily liable with Hanover for the plaintiff's workers' compensation benefits related to the second work-related accident. In its written judgment, the workers' compensation judge stated:
Claimant Andrew I. Abadie, Jr. suffered a second work-related accident and injury, within the course and scope of employment, in the week of March 19th through 23rd, 2001, when his employer was insured for workers' compensation benefits by La. Commerce & Trade Association Self-Insurer's Fund (LCTA) (OWC # 01-03712). Since the `second' accident occurred March 19th through 23rd of 2001, LCTA is liable in worker's compensation to claimant; LCTA and Hanover are jointly and in solido liable for workers' compensation benefits for the `second' accident March *567 19th through 23rd of 2001. Regardless of whether there was a `second' accident on March 19th through 23rd of 2001 or the aggravation of the initial accident and/or injury on March 10, 2000, Hanover was at least partly liable for the second accident; "LCTA" did reasonably controvert whether or not a `second injury' accident or re-injury occurred.
Therefore, LCTA was not ordered to pay attorney's fees or penalties for its failure to pay benefits to Abadie.

DISCUSSION
LCTA argues that the workers' compensation judge erred in finding that a second accident had occurred without any evidence to support the occurrence of a subsequent work-related accident or injury and holding LCTA solidarily liable for workers' compensation benefits for Abadie's second work-related injury.
(New Accident during March 2001)
The appellant asserts Abadie failed to prove that an "accident" or specific event occurred in March of 2001. LCTA directs this court's attention to Abadie's testimony wherein he testified that his subsequent injury was not the result of a particular accident, but the result of overextending himself over the course of a three-week work period in March of 2001.
The standard of review for findings of fact by a hearing officer in a worker's compensation case is "manifest error," and it is the appellate court's duty to determine not whether the fact finder's conclusion was right or wrong, but whether it was reasonable. Where there are two permissible views of evidence, a fact finder's choice between them can never be manifestly erroneous or clearly wrong. Seal v. Gaylord Container Corp., 97-0688 (La.12/2/97), 704 So.2d 1161, 1164.
La. R.S. 23:1021(1) defines an employment related accident as follows:
[A]n unexpected or unforeseen actual, identifiable, precipitous event happening suddenly or violently, with or without human fault, and directly producing at the time objective findings of an injury which is more than simply a gradual deterioration or progressive degeneration.
It is a well-settled principle that the provisions of the worker's compensation scheme should be liberally interpreted in favor of the worker. Bynum v. Capital City Press, Inc., 95-1395 (La.7/2/96), 676 So.2d 582, 586 (La.1996).
In order for the employee to recover, he must show that his employment somehow caused or contributed to the disability, but he need not establish the exact cause. Andrews v. Music Mountain Water Co., 25-634 (La.App. 2 Cir. 4/6/94), 637 So.2d 571, writ denied, 640 So.2d 1356 (La.1994). A claimant's own testimony may be sufficient to prove causation by a preponderance of evidence, provided (1) no other evidence discredits or casts serious doubt upon the claimant's version of the incident, and (2) the claimant's testimony is corroborated by circumstances surrounding the alleged incident. Corroboration may also be provided by medical evidence. Bruno v. Harbert Int'l Inc., 593 So.2d 357 (La.1992).
The appellant argues that Abadie failed to prove that an event occurred and the lack of immediate onset of symptoms after the incident further substantiates that the event does not fall within the definition of "accident" as provided by La. R.S. 23:1021(1).
In 1990, La. R.S. 23:1021(1) was amended to include language added by Acts 1989, No. 454, effective Jan. 1, 1990, which "reflected the legislature's intent `to reduce the circumstances which amounted to an accident under the pre-1990 law.'" *568 Stuart v. New City Diner, 1999-2270, p. 4 (La.App. 4 Cir. 3/15/00), 758 So.2d 345, 348. In an effort to reflect the legislature's intent to limiting the circumstances which amounted to an accident, this court has consistently held that a claimant involved in a work-related accident must show evidence of a traumatic event as defined in La. R.S. 23:1021(1). This requisite showing of a traumatic event was apparent in the Stuart case, in which the court noted "we know of no case, since the 1990 amendments to the statutory definition of `accident', where a court has held that such a routine motion as lifting a tray is an `accident'." Id. at p. 4, So.2d at 349.
In particular, this court requires the claimant to show that an identifiable traumatic event caused immediate or sudden onset of symptoms after the accident. Notably, in McCarroll v. Airport Shuttle, Inc., XXXX-XXXX (La.App. 4 Cir. 9/29/99), 743 So.2d 827, this circuit found the plaintiff's immediate, severe pain while lifting a wheelchair fit the statutory definition of an "accident". Similarly, the Second Circuit held in Hill v. Manpower-Collier Investments, 30,444 (La.App. 2 Cir. 4/8/98), 712 So.2d 560, the claimant identified a specific event in which he suffered a shoulder injury while attempting to unhook a flat bed trailer from a truck. The court noted "Hill had immediate pain and limited motion since the incident". In both the McCarroll and Hill cases, the claimants testified that on a particular date each one suffered a traumatic injury in which they had an immediate onset of symptoms. Accordingly, the courts held in each case that the claimants suffered an identifiable accident wherein the symptoms were sudden or immediate as anticipated by the legislature's amendments to the statute.
In the instant case, when Abadie was questioned as to the exact event or cause of his subsequent injury, he stated:
Q. Okay. And you also described the March 2000 aggravation as due to the heavy nature of the work assignment between Miarch 19th to March 23rd, 2001, you felt severe pain in the same area of his lower back and was again sent to Dr. Steiner to be examined; is that correct?
A. Yes.
Q. Same area of your lower back?
A. Yes. Q. And, again, it wasn't due to any accident, but it was just the nature of the work you are doing?
A. Yes.
Both Abadie's testimony and the workers' compensation judge's written reasons expressly stated the subsequent injury was not due an identifiable event, but rather was the result of strenuous work activity over the course of a work week in March 2001. Adding to the uncertainty of the cause and date of the incident, Abadie stated it was possible that his subsequent injury may have been caused by a combination of activities during the week of March 19th in addition to the previous two weeks. Moreover, unlike the immediate onset of pain, which occurred in the first accident, Abadie stated the onset of symptoms after the subsequent incident came on gradually the weekend after he finished his work. This admission certainly mirrors the gradual deterioration or progressive degeneration type of injury the statute was amended to exclude.
Interestingly, the workers' compensation judge stated in her judgment that the "Claimant testified that he exceeded his work restrictions in March 19th through 23rd of 2001 because of the employer's deadline to complete the job with a reduced workforce." Dr. Steiner's deposition and notes provide sufficient evidence that he advised Abadie of the consequences of exceeding work limitations. Nevertheless, Abadie testified that he *569 worked anywhere from fifty to fifty-five hours a week in order to build the structure by the deadline, and at no time did Abadie complain to his boss or anyone else regarding the overtime and its effect on him physically.
Equally important, the 1008 petition, filed on the same day Dr. Steiner diagnosed Abadie as having sustained a second accident, corroborated Abadie's testimony by stating that he injured himself "During heavy concrete work over a period of several days and aggravated a pre-existing low back condition". Abadie's testimony failed to provide sufficient evidence that the March 21st incident produced a gradual deterioration over the course of a weekend is in direct contrast with the requisite "sudden objective findings of injury" under La. R.S. 23:1021(1).
Thus, this court finds Abadie's lack of immediate onset of pain after the subsequent incident coupled with his inability to pinpoint a specific event does not constitute a traumatic event. Consequently, the injury he sustained due to overexertion over a period of days or weeks does not fit within the definition of an "accident" as defined by La. R.S. 23:1021(1). This court does note that in Abadie's recorded statement submitted by the appellant into evidence at trial concerning the March 2001 "accident", Abadie specifically cited lifting and loading heavy equipment and five gallon buckets of chemicals onto a truck on the Thursday prior to seeing Dr. Steiner as the catalyst for the recurrence of his back and leg pain. He neither attested to this specific event during his testimony nor did he notify Dr. Steiner of this event during his examination. However, we do not find the statement is so contradictory as to make Abadie's testimony inconsistent or implausible.
Accordingly, this court finds Abadie's testimony and Dr. Steiner's medical reports fail to support the workers' compensation judge's finding that appellee's recurrence of lower back pain and leg over the course of a three-week work period in March 2001 constituted an "accident". Therefore, we find the workers' compensation judge's finding that a second "accident" occurred in March 2001 constitutes manifest error.
Incidentally, since no accident occurred in this case, we must consider whether Abadie's subsequent injury can be considered an occupational disease according to La. R.S. 23:1031.1(B). In order for this concept to apply, Abadie must meet the overwhelming preponderance burden of proof contained in La. R.S. 23:1030.1(B), which provides:
An occupational disease means only that disease or illness which is due to causes and conditions characteristic of and peculiar to the particular trade, occupation, process or employment in which the employee is exposed to such disease. Occupational disease shall include injuries due to work-related carpal tunnel syndrome. Degenerative disc disease, spinal stenosis, arthritis of any type, mental illness, and heart-related or perivascular disease are specifically excluded from the classification of an occupational disease for the purpose of this Section.
This classification "serves to relieve workers' compensation claimants of the task of proving an `accident' in connection with an occupational disease." Stuart, 758 So.2d at 348.
As previously noted, Abadie was diagnosed by Dr. Steiner as having Degenerative Lumbar Disc Disease and Lumbar Spondylolisthesis. Dr. Steiner's specifically stated in his notes that "With the degenerative condition that is present in his spine I felt that if he had exceeded his limitations *570 that I placed on him then there may be a risk of additional injury to his back." Hence, Abadie's diagnosis of a degenerative condition does not support a finding of an occupational disease as defined by La. R.S. 23:1031.1(B). Therefore, this court finds that Abadie's diagnosis of degenerative disc disease precludes a finding that he met his burden of overwhelming preponderance in the instant case.
Solidary Liability of Successive Employers for Compensation Benefits and Medical Benefits
The appellant also argues the workers' compensation judge erred in finding it solidarily liable with Hanover for Abadie's compensation benefits and medical benefits for the second "accident" in March 2001.
If an employee in a workers' compensation claim suffers disability due to the combination of two incidents or by virtue of the second incident aggravating the injury suffered in the first incident, both the subsequent compensation insurer and the insurer at the time of the first incident are solidarily liable for compensation benefits and medical expenses. Labeaud v. City of New Orleans, Dept. of Property Management, p. 4 (La.App. 4 Cir.1991), 576 So.2d 624, 627. See also Hill v. Manpower-Collier Investments, 30,444, p. 7 (La.App. 2 Cir. 4/8/99), 712 So.2d 560, 564, (citing, Loud v. Dixie Metal, Co., Inc., 506 So.2d 1355 (La.App. 2 Cir.1987)).
Specifically, the appellant argues that the subsequent incident merely aggravated the pre-existing back injury, and consequently, solidarity does not exist in such cases.
In its written reasons, the court stated "LCTA did reasonably controvert whether or not a `second' accident or re-injury occurred March 29th through 23rd of 2001 and, if there was not a second accident, LCTA was not liable. Therefore, LCTA is not accessed a penalty nor attorney fees for failure to pay indemnity and/or medical benefits;" Clearly, the language the workers' compensation judge used to formulate her judgment, including emphasis on the word "did", strongly suggests LCTA presented credible evidence sufficient to rebut the appellee's contention that a subsequent accident occurred in March 2001.
Since this court did not find that the March 2001 incident constituted an "accident", the judge incorrectly held LCTA solidarily liable with Hanover for the appellee's compensation benefits and medical expenses.
Based on the foregoing, we reverse the workers' compensation court's judgment.
REVERSED.