PITMAN, J.
_JjThis appeal arises from a judgment of the Workers’ Compensation Judge (“WCJ”) on a claim for indemnity and medical benefits under the Louisiana Workers’ Compensation Act (“LWCA”) brought by Claimant Damon S. McCombs, *978 who injured his right foot while working for G.L. Jones Construction, Inc. (“Jones Construction”). Jones Construction and its insurer, Valley Forge Insurance Company, (collectively, “Defendants”) appeal that portion of the judgment awarding Claimant statutory penalties and attorney fees. For the following reasons, we reverse the judgment of the WCJ.

FACTS

On April 12, 2012, Claimant, who is from Alabama, was a welding supervisor for Jones Construction, an Alabama corporation, on a job at the International Paper mill in Mansfield, Louisiana. As he was watching someone weld in front of him, a piece of steel under high pressure shot out and hit the top of Claimant’s right foot. He received emergency treatment in Shreveport and followed up the next day at the Work Place at Highland Clinic. He was still in pain and decided to return to Alabama for further treatment.
Shortly after the accident, Claimant discussed the accident and his injury with Gary Jones of Jones Construction. In order to avoid a “lost-time” claim, Mr. Jones terminated Claimant and told him to return to Alabama to claim unemployment.[1] He agreed to help pay for medical | ^treatment if Claimant did not make a lost time claim. Claimant agreed. Mr. Jones arranged for someone to drive Claimant to Alabama, and an appointment was made for him to see a “Dr. May.” However, that appointment was cancelled. On referral from Mr. Jones, Claimant saw a podiatrist, Dr. David Borcicky, on April 18, 2012. Jones Construction faxed a letter to Dr. Borcicky authorizing treatment up to $500. The letter indicated that Claimant’s injury was relatively minor and concluded that, if it turned out to be more substantial, the company would determine whether to submit the claim to its workers’ compensation insurer.
Dr. Borcicky confirmed the diagnosis of a large contusion, with associated swelling, on the top of Claimant’s foot. He continued to treat Claimant for several weeks (nine visits). Although the abrasion and swelling gradually improved, Claimant continued to complain of pain with activity. Dr. Borcicky last saw Claimant on June 6, 2012. Although he advised Claimant to return to see him, Claimant did not return and did not receive any further treatment on his foot by any physician. The reason for lack of further treatment was not clear.
Claimant, through an attorney, filed a disputed claim for compensation, LDOL-WC-1008, on March 18, 2013. He asserted that no wage or medical benefits had been paid. None of the other boxes on the form were checked even though box number 6 states, “Medical treatment (Procedure/Prescription) _ recommended by _not authorized.” There is also a box which can be checked which states, “Choice of physician |s(specialty)_” There is no box on the form to check showing what relief Claimant expected. Under “Other,” Claimant alleged:
Employee was injured and then terminated when he reported the injury. He initially filed for worker’s compensation benefits in his state of residence (AL) and the state in which he was hired by *979 contract (AL). Such case has been dismissed due to lack of subject matter jurisdiction in AL.
The form contains the following instruction:
You may attach a letter or petition with additional information with this disputed claim or when later amending this disputed claim (Form LDOL-WC-1008). You must provide a copy of this claim and any amendment to all opposing parties.[2]
At the hearing on his petition, in explaining why he received no further medical attention for his injury after Dr. Bor-cicky last saw him, Claimant testified that the termination of medical treatment coincided with his retention of an attorney who wanted him to see a different physician. There was no evidence, however, that he or his lawyer submitted such a request to Jones Construction or that any such request had been denied. Claimant testified that his attorney informed him that he would discuss the new physician with Jones Construction, but, “like, all communication with G.L. Jones and Cindy Jones kind of quit happening. We didn’t communicate any more.”
The WCJ’s judgment identified four questions: 1) whether Claimant was entitled to further medical treatment; 2) whether Claimant was entitled to indemnity benefits; 8) whether Claimant forfeited any claim pursuant to |4La. R.S. 23:1208;[3] and 4) whether Claimant was entitled to penalties and attorney fees under La. R.S. 23:1201.
The WCJ determined that Defendants had paid for all treatment provided to Claimant to date, but had failed to provide all of the treatment to which he was entitled by law. He found that Claimant did not choose any of his treating physicians, noting that the doctors in Shreveport were seen on an emergency basis and Dr. Bor-cicky was chosen by Jones Construction. He further found that, while the reason for the termination of treatment was not clear, Defendants became aware that Claimant was demanding additional medical treatment when he filed his disputed claim; nevertheless, they denied any responsibility for further care. Based on the evidence, the WCJ found that Defendants denied Claimant the right to treatment with a physician of his choice and ordered them to approve such treatment in accordance with La. R.S. 23:1203.1 and the workers’ compensation fee schedule.
The WCJ denied Claimant permanent and total disability benefits since he was receiving unemployment compensation benefits during a period for which he was claiming entitlement to indemnity benefits. He also found that Claimant had failed to show he was actually totally disabled, permanently or otherwise.
The WCJ’s judgment stated that Claimant’s pleadings did not include a demand for statutory penalties and attorney fees, but noted that Louisiana |scourts have recognized a duty to “ferret out” such claims in appropriate circumstances. The WCJ found such circumstances in this case and noted that La. R.S. 23:1201(F) provides for penalties and attorney fees *980 where the employer or its insurer fails to reasonably controvert a claim for benefits. He further found that unreasonably' controverting a claim requires action of a less egregious nature than that required for arbitrary and capricious behavior; and, in order to avoid penalties under the statute; the employer must have some valid reason or evidence upon which to base its denial of benefits.
Specifically, the WCJ found that, with the filing of the disputed claim for compensation, Defendants were put on notice that Claimant was requesting additional medical treatment. He found that, despite the fact that Dr. Borcicky had not released Claimant, Defendants denied any responsibility for additional treatment. He also stated that Defendants “never allowed claimant to see his own choice of doctor.” For these reasons, the WCJ found the denial of additional treatment by Claimant’s choice of physician was unreasonable, and a penalty of $2,000 was assessed pursuant to La. R.S. 28:1201(F). In addition, the WCJ awarded Claimant’s counsel a fee of $3,000.
Defendants appeal the award of $2,000 in penalties and the award of $3,000 attorney fees, asserting Claimant did not pray for that relief and no evidence was presented at the hearing supporting his claim for penalties and attorney fees.

\nDISCUSSION

Defendants argue that the WCJ erred in awarding penalties and attorney fees to Claimant, since Claimant had never specifically pled those items of special damages. Defendants claim that statutory penalties and attorney fees, such as those made applicable to workers’ compensation disputes, are among the “items of special damage” contemplated by La. C.C.P. art. 861, and, therefore, may not be awarded by a WCJ unless specifically pled.
Defendants further argue that, even if the WCJ was authorized to award penalties and attorney fees, there was no evidence presented at the hearing of conduct warranting the imposition of such penalties for unreasonableness in denying medical treatment. They claim the record does not contain any evidence of such a request, or denial, for further treatment. Defendants assert that, had there been any evidence upon which the WCJ’s finding could have been based, they might have introduced additional evidence supporting the reasonableness of their actions on the merits. However, because the issue was not litigated at trial, Defendants claim it was error for the WCJ to have awarded penalties and attorney fees.
Claimant argues that he specifically requested, in his pretrial statement, that the issue of whether he was entitled to any other benefits under the LWCA be litigated. He claims that the history and policy provisions behind the workers’ compensation movement ensure that employees were protected from destitution in exchange for release of certain common law remedies. Claimant points out that the law provides for |7attorney fees and punitive damages when an employer’s discontinuance of benefits is found to be arbitrary, capricious or without probable cause. He argues that it was within the spirit of the LWCA for the WCJ to have awarded him punitive damages and attorney fees.
Alternatively, Claimant argues that, even had he not specifically prayed for the relief granted, La. C.C.P. art. 862 allows courts to render substantive justice on the basis of facts pleaded and prevents a denial of substantive rights due to technical defects of language or characterization of the case. He claims that he alleged all facts necessary for the WCJ to find that Defendants’ actions against him were arbi *981 trary and capricious. He further claims that they were on notice at all times that he was seeking all benefits under the LWCA, including punitive damages. Claimant argues that the facts alleged support the award of punitive damages and attorney fee for Defendants’ arbitrary and capricious behavior.
La. C.C.P. art. 861 states that, when items of special damages are claimed, they shall be specifically alleged.
La. R.S. 28:1121 provides that a claimant has the right to select one treating physician in any field or specialty. The employee also has a right to a summary proceeding when denied his right to an initial physician of choice.
La. R.S. 23:1201 provides that the failure to provide payment or the failure to consent to the employee’s request to select a treating physician or change physicians when such consent is required by R.S. 23:1121 shall result in the assessment of a penalty together with reasonable attorney fees | jjfor each disputed claim. Such penalty and attorney fees shall be assessed against either the employer or the insurer, depending upon fault.
La. R.S. 23:1201 also provides that penalties shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control. Any employer or insurer who at any time discontinues payment of claims due and arising under this chapter, when such discontinuance is found to be arbitrary, capricious or without probable cause, shall be subject to the payment of a penalty and a reasonable attorney fee for the prosecution and collection of such claims.
Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551; Grambling State Univ. v. Walker, 44,995 (La.App.2d Cir.3/3/10), 31 So.3d 1189. In applying the manifest error/clearly wrong standard, the appellate court does not determine whether the trier of fact was right or wrong, but determines whether the fact finder’s conclusion was a reasonable one. Id. Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Thus, if the fact finder’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990); Grambling, supra.
In Hill v. Manpower-Collier Investments, 30,444 (La.App.2d Cir.4/8/98), 712 So.2d 560, the court cited La. R.S. 23:1201(F) and stated that a claim for attorney fees and penalties is allowed only if the claim was not reasonably controverted or if the nonpayment resulted from conditions over which the payor had no control. In Hill, the claimant had asserted that the hearing officer erred in failing to assess attorney fees against defendant for its failure and refusal to pay for necessary medical treatment. The hearing officer found that the claimant had not shown demand was made on defendant for payment of any medical treatment expenses. The appellate court, therefore, found no manifest error in the judgment of the trial court.
In Mix v. Mougeot, 446 So.2d 1352 (La.App. 1st Cir.1984), the court found the trial court had erred in awarding attorney fees because they are items of special damages which must be specifically pled, and the litigant had failed to specifically allege any items of special damages, citing, Lanier Bus. Products, Inc. v. First Nat. Bank *982 of Rayville, 388 So.2d 442 (La.App. 2d Cir.1980). The court also found that the litigant failed to allege that his claim was not paid within the time period allowed by law or that such action by the employer was arbitrary, capricious or without probable cause. Further, he did not pray for statutory penalties and a reasonable attorney fee. The court further found that the failure to make the allegation or pray for the special damages denied the employer a reasonable opportunity to assert affirmative defenses, present evidence or be notified that the penalty claim was at issue. With the case in that procedural posture, the appellate court found the trial court should not have granted the attorney | infee award and that portion of the judgment was reversed. See also Box v. City of Baton Rouge, 02-0198 (La.App.1st Cir.1/15/03), 846 So.2d 13, on reh’g. in part, 02-0198 (La.App.1st Cir.4/2/03), 844 So.2d 405, citing, La. R.S. 23:1201; La. C.C.P. art. 861.
In the case at bar, the WCJ found that, while Defendants had paid for all of Claimant’s medical treatment up through the time he stopped seeing Dr. Borcicky, they had not provided him with all of the medical treatment to which he was entitled under the law. The WCJ opined that the filing of the disputed claim in March 2013 put Defendants on notice that Claimant was “demanding additional medical treatment,” yet Defendants failed to accept responsibility for additional treatment.
We disagree and determine that this finding is not reasonable in light of the record in its entirety. The WCJ acknowledged that Defendants had paid for all of Claimant’s medical care through the time he filed his disputed claim. Claimant had the right to seek further medical treatment from a doctor of his own choosing, yet he failed to do so once he stopped seeing Dr. Borcicky. This failure to seek further treatment was not explained at the hearing, except that Claimant indicated his attorney wanted him to see another doctor. He never did, however, claiming communication between him and Jones Construction broke down. There is no evidence that Claimant followed the procedure for seeking his own physician.
It was not until nine months after his last visit to Dr. Borcicky, who had told him to return for further treatment, that Claimant filed Form 1008 (disputed claim form). This is a condition over which the employer or lninsurer had no control. The record does not contain any evidence that Claimant ever made any demand upon Defendants to be treated by another physician for his foot problem. It cannot be said, therefore, that Defendants denied Claimant that right or that they failed to pay for such medical treatment.
Further, Claimant failed to make the allegations necessary to recover penalties and attorney fees for Defendants’ failure to provide medical treatment and failed to pray for those special damages to be awarded. Without the allegations having been made, Defendants were unable to assert affirmative defenses, present evidence or be notified that the penalty claim was at issue. The issue was never litigated and it was improper to award penalties and attorney fees. We find, therefore, that Defendants’ assignments of error have merit.

CONCLUSION

For the foregoing reasons, the judgment of the WCJ in favor of Claimant Damon Shelton McCombs, and against Defendants, G.L. Jones Construction, Inc. and Valley Forge Insurance Company, awarding penalties of $2,000 and attorney fees of $3,000, is reversed and vacated. Costs of *983 this appeal are assessed to Claimant Damon Shelton McCombs.
REVERSED AND VACATED.

. According to the record, Claimant applied for, and received, weekly unemployment benefits from the state of North Carolina. In the fall of 2012, he reinstituted a previously filed claim for social security disability benefits based on multiple medical issues and began receiving those benefits in December 2012. His unemployment benefits were terminated effective December 15, 2012. Jones Construction paid for Claimant’s medical treatment in Shreveport and in Alabama, but never paid workers' compensation indemnity benefits.

. Claimant did not file any amended pleadings; however, in his pretrial statement, he claimed that one of the issues to be litigated at the hearing was "Whether Mr. McCombs is entitled to any other benefits pursuant to the Louisiana Workers' Compensation Act, La. R.S. 23:1021 etseq."

. This claim of forfeiture arose in Jones Construction’s amended answer wherein it asserted a fraud defense. Jones Construction failed to offer evidence of fraud at trial and did not argue the issue in its post-trial brief; therefore, the WCJ found it had failed to prove that Claimant committed fraud.