STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-978


WARREN A. RAVE

VERSUS

WAMPOLD COMPANIES, ET AL.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO. 03-08832
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and
Billy Howard Ezell, Judges.

REVERSED AND REMANDED.

Michael Benny Miller
Miller & Miller
P. O. Drawer1630
Crowley, LA 70527-1630
Telephone:  (337) 785-9500
COUNSEL FOR:
    Plaintiff/Appellant - Warren A. Rave

Amanda H. Carmon
Eagan, Johnson, etc.
P. O. Box 98001
Baton Rouge, LA 70898-8001
Telephone:  (225) 231-0875
COUNSEL FOR:
    Defendant/Appellee  -  Louisiana  Workers'  Compensation
    Corporation

**Eric J. Waltner**
**Allen & Gooch**
**P. O. Drawer 3768**
**Lafayette, LA 70502-3768**
**Telephone: (337) 291-1400**
**COUNSEL FOR:**
   **Defendants/Appellees - Liberty Mutual Insurance Company and Wampold Companies**

**Skylar J. Comeaux**
**Law Offices of Jeff R. Rytlewski**
**345 Doucet Road - Suite 104-A**
**Lafayette, LA 70503**
**Telephone: (337) 983-0170**
**COUNSEL FOR:**
   **Defendant/Appellee - Hartford Casualty Insurance Company**

THIBODEAUX, Chief Judge.

This case involves a summary judgment dismissal of claims of the plaintiff, Warren A. Rave, for workers' compensation benefits, penalties and attorney fees. After allegedly sustaining three successive work related injuries in 1998, 1999, and 2000, Mr. Rave filed complaints beginning in 2003 against his employer, Wampold Companies (Wampold), and its three successive insurers for medical-related disputes and for the underpayment of wage benefits. Two of the insurers filed motions for partial summary judgment based upon exceptions of prescription. The workers' compensation judge (WCJ) granted both motions for partial summary judgment, and Mr. Rave filed this appeal seeking to have both judgments reversed. We reverse both judgments.

## I.

## ISSUES

We must decide:

(1)     whether the workers' compensation judge erred in granting partial summary judgment in favor of Hartford Casualty based upon exceptions of prescription;

(2)     whether the workers' compensation judge erred in granting partial summary judgment in favor of Liberty Mutual and the employer based upon exceptions of prescription; and,

(3)     whether the workers' compensation judge erred in granting partial summary judgment on the issue of prescription of penalties and attorney fees.

## II.

## FACTS AND PROCEDURAL HISTORY

Warren Rave, a 57-year-old air conditioning technician, began working for Wampold Companies in 1993. Mr. Rave asserts that while in the course and

scope of his employment with Wampold, he sustained three work-related injuries in three successive years. On September 8, 1998, he stepped into a hole while carrying equipment and injured his right knee. On August 2, 1999, he re-injured the right knee by stepping into another hole or depression while walking backward to re-wind a hose pipe. On May 26, 2000, Mr. Rave twisted his left knee while carrying an air conditioning unit at work. In each accident, Mr. Rave suffered a torn medial meniscus of the knee. He has had numerous surgeries, including knee replacements of both knees. For each of the three accidents, Mr. Rave received payments from his employer's insurance company for medical expenses and wages while he was unable to work.

However, each accident was covered by a different insurance company. Hartford Casualty Insurance Company (Hartford) covered the first accident in 1998 and does not dispute that Mr. Rave was injured while in the course and scope of his employment with Wampold; Liberty Mutual Insurance Company (Liberty) covered the second accident in 1999; and, Louisiana Workers Compensation Company (LWCC) covered the third accident in 2000. Mr. Rave is still receiving medical payments from Liberty Mutual for the second injury to the right knee in 1999, and he is still receiving wage benefits *and* medical payments from LWCC for the third injury, which was to the left knee, in 2000.

On December 5, 2003, Mr. Rave filed a claim for workers' compensation, or 1008 complaint, against Wampold and its third insurer, LWCC, based upon injuries to his knees in the second and third accidents, in August 1999 and May 2000, respectively. He asserted a dispute over the choice of physician for an orthopaedic specialist and a psychiatrist, and he requested penalties and attorney fees. On February 7, 2005, Mr. Rave filed an amended 1008 and added Liberty Mutual as

2

a defendant, added the complaint that his wage benefits had been wrongly calculated resulting in an underpayment, and added a request for legal interest. On September 2, 2005, Mr. Rave filed a second amended 1008 complaint, adding Hartford Casualty as a defendant and adding the first injury in September 1998 as a basis for his claims.

The first and second insurers, Hartford Casualty and Liberty Mutual, respectively, filed motions for partial summary judgment based upon prescription. The Liberty Mutual motion was filed on behalf of Liberty Mutual and the employer, Wampold Companies. At the first summary judgment hearing, the defendants asserted that they would only argue prescription, and that causation would be addressed at a full trial on the merits. Following two separate hearings, both motions for partial summary judgment based on prescription were granted by the WCJ. The first hearing in April 2006 resulted in a dismissal of Liberty Mutual and Wampold for all claims arising from the second accident in August 1999. While there was no correction to the judgment, the WCJ admitted during the second hearing on prescription, as to Hartford, that she had not intended to grant summary judgment to the employer, Wampold, in the previous hearing. The second summary judgment hearing in May 2006 dismissed all claims against Hartford Casualty. Mr. Rave appeals both judgments.

III.

**LAW AND DISCUSSION**

**Standard of Review**

We review summary judgments de novo, using the same criteria that govern the trial court's consideration of the appropriateness of summary judgment. *Goins v. Wal-Mart Stores, Inc.*, 01-1136 (La. 11/28/01), 800 So.2d 783.

3

## Hartford's Argument for Prescription of Wage and Medical Benefits

Mr. Rave asserts that the WCJ erred in granting Hartford's motion for partial summary judgment based upon prescription of Mr. Rave's claims for wage and medical benefits. Hartford, which insured the first accident on September 8, 1998, argued that Mr. Rave's claims for both wage benefits *and* medical benefits had prescribed when Mr. Rave added Hartford to his complaint via the second amended 1008 filed on October 31, 2005. We note that the second amended complaint adding Hartford was actually filed on September 2, 2005. As argued by Hartford, La.R.S. 23:1209 (A) provides that a claim for TTD wage benefits prescribes one year after the last wage benefit is paid, and La.R.S. 23:1209 (C) provides that a claim for medical benefits prescribes three years after the last medical benefit is paid.

Hartford paid the last wage benefit for temporary total disability (TTD) on December 2, 1998, and the last medical payment, which covered Mr. Rave's first surgery and follow-up expenses on the right knee, on January 26, 1999. Hartford, therefore, argued that the claim for TTD prescribed on December 2, 1999, and argued that the medical payments prescribed on January 26, 2002. Accordingly, even under the relation back doctrine of La.Code Civ.P. art. 1153,[1] which we need not address herein, the prescription dates claimed by Hartford are well over three years prior to the filing date of the original 1008, which was December 5, 2003. Therefore, on its face, Mr. Rave's claims against Hartford for wage benefits and medical benefits appear to have prescribed, and it is Mr. Rave's burden to show that his claim has not prescribed. *See Winford v. Conerly Corp.*, 04-1278 (La. 3/11/05), 897 So.2d 560.

---

[1]La.Code Civ.P. art. 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

4

## Liberty Mutual's Argument for Prescription of Wage Benefits

Mr. Rave asserts that the WCJ also erred in granting the motion for partial summary judgment of Wampold and Liberty Mutual, which insured the second accident on August 2, 1999. Wampold and Liberty argued only that Mr. Rave's claims for wage benefits had prescribed. It did not argue prescription as to claims for medical benefits as those were still being paid by Liberty Mutual at the time of the hearing. Liberty Mutual paid its last wage benefit to Mr. Rave on April 30, 2000, over three years before the 1008 complaint was filed on December 5, 2003. Accordingly, pursuant to the three-year prescriptive period for a worker's claim for medical benefits in La.R.S. 23:1209 (C), the claim against Liberty Mutual also appears on its face to have prescribed, and therefore, Mr. Rave has the burden of proving interruption or suspension of prescription.

## Solidary Liability of Employers and Insurers

Mr. Rave opposes the motions for summary judgment because his current disability arises, he claims, from the condition of *both* knees, and that his employer, Wampold Companies, and its three insurers, Hartford, Liberty, and LWCC, are all solidarily liable for his wage and medical benefits.[2] He argues that each time an insurer paid a benefit, it interrupted prescription as to the other obligors, and that where he received benefits for all three injuries, continuously, with never a gap of over nine months between the payments, none of the claims have prescribed. Counsel for Mr. Rave cites Article 1799 of our Civil Code which provides: "The interruption

---

[2]Mr. Rave's opposition further argued the doctrine of contra non valentum, stating that he did not know in 1998 that he was entitled to a calculation of wage benefits that included compensation for the fringe benefits that he received from Wampold, which is at least one reason that the benefits are alleged to have been underpaid. However, his opposition did not provide a date regarding when he obtained this knowledge. Nor did he provide this information, or argue this doctrine, on appeal. Therefore, we do not have enough information to make a decision based upon the doctrine of contra non valentum and will, therefore, decide the issue of prescription based upon Mr. Rave's claims of solidary liability between the employer and insurers.

of prescription against one solidary obligor is effective against all solidary obligors and their heirs." La.Civ.Code art. 1799.

Our jurisprudence holds that when the present disability of an employee in a workers' compensation claim is due to a combination of two or more successive accidents *or* due to the second accident's having aggravated the prior injury, both the subsequent compensation *insurer* and the insurer at the time of the first accident are solidarily liable for compensation benefits and medical expenses. *Prevost v. Jobbers Oil Transport Co.*, 95-0224 (La.App. 1 Cir. 10/6/95), 665 So.2d 400, *writ denied,* 96-0440 (La. 4/8/96), 671 So.2d 336; *Labeaud v. City of New Orleans, Department of Property Management*, 576 So.2d 624 (La.App. 4th Cir.), *writ denied*, 581 So.2d 687 (La.1991). Likewise, when a combination of work-related accidents causes a disability, *or* where by virtue of a second accident a prior injury is aggravated causing disability, both the subsequent *employer* and the employer at the time of the first work-related accident are solidarily liable for compensation benefits and medical expenses. *Hill v. Manpower-Collier Investments*, 30,444 (La.App. 2 Cir. 4/8/98), 712 So.2d 560; *Tron v. Little Italiano, Inc.*, 38,556 (La.App. 2 Cir. 6/25/04), 877 So.2d 1055.

In fact, it has been well-settled for at least sixty-five years that in instances of two or more accidents, all of which are contributing causes of the ultimate disability, the employers and their insurers at the time of such accidents may be held solidarily liable for the payment of compensation. *See also, Daigle v. Lajet, Inc.*, 504 So.2d 1126 (La.App. 5 Cir. 1987); *Scott v. Hartford Acc. & Indem. Co.*, 302 So.2d 641(La.App. 3 Cir. 1974); *Carter v. Tri-State Ins. Co.*, 259 So.2d 433 (La.App. 2 Cir. 1972); *Stockstill v. Bituminous Casualty Corp.*, 144 So.2d 918 (La.App. 4 Cir. 1962); *Fontenot v. Great American Indemnity Company*, 127 So.2d 822 (La.App. 3

Cir. 1961); *Finley v. Hardware Mutual Insurance Company*, 237 La. 214, 110 So.2d 583 (La.1959); *Stansbury v. National Auto & Cas. Ins. Co.*, 52 So.2d 300 (La.App.1 Cir. 1951); *Brock v. Jones & Laughlin Supply Co.*, 39 So.2d 904 (La.App. 1 Cir. 1949); and *White v. Taylor*, 5 So.2d 337 (La.App. 2 Cir. 1941).

In *Labeaud*, the plaintiff sustained a back injury in 1982 while working for the Lehleitner company, which was insured by Liberty Mutual. Liberty Mutual paid weekly benefits from September 1982 until March 1988. The plaintiff was working in the course and scope of his employment with the City of New Orleans when the second back injury occurred in 1987. Finding that the second back injury was an aggravation of the first, Lehleitner, Liberty Mutual, and the City of New Orleans were found liable in solido for the second injury. Prescription was not an issue in *Labeaud* where the first employer was still paying benefits at the time of the second accident.

In *Hill*, both employers were found solidarily liable for a second shoulder injury, where the first accident occurred in September of 1994, and the second accident occurred in May of 1996. Again, prescription was not an issue, even though the claim against the first employer was not filed until June 7, 1996. The solidary liability turned on the finding that the May 1996 accident caused either a new injury or an aggravation of Hill's prior shoulder injury.

In *Prevost*, the employee was working for the same employer and sustained two work-related accidents six years apart. Prevost was injured in a December 1985 motor vehicle accident, insured by Aetna Casualty, and then sustained a second injury in a May 1991 accident, insured by Guarantee Mutual. Where the second injury was found to have aggravated the first, Aetna was found solidarily liable with Guarantee for the second accident (up to a point in 1993 when

7

the plaintiff settled with a third party without approval), even though Aetna had entered into a settlement and indemnity agreement with Prevost for the first accident. The court in *Prevost* found that the settlement with Aetna for the first accident in 1985 extended only to those matters that the parties "expressly intended to settle," that being the claims arising out of the first accident. *Prevost*, 665 So.2d at 406. The court refused to extend the scope of the settlement to the second accident in 1991.

In *Tron v. Little Italiano*, Inc., 877 So.2d 1055, the solidary liability issue included a claim for prescription, and two different sides of the body were involved. The plaintiff in *Tron* was working as a waitress for the Little Italiano restaurant, insured by Louisiana Restaurant Association-Self Insurers Fund (LRA), when she sustained a neck injury on March 9, 1999. An MRI indicated disk bulging at C4-5 and C5-6 levels, resulting in fusion surgery at C4-6. The plaintiff did well for a few months; then, her neck pain returned and radiated into her *left* shoulder and *left* arm. Treatment was ongoing, with various disputes arising between the plaintiff and LRA regarding physicians and diagnostic testing. The plaintiff also developed a swollen nerve root at C6-7.

On December 6, 2001, while employed with CTC as a catering worker, Ms. Tron was pushing a large frozen drink machine and felt a severe pain in her neck with pain radiating into her *right* arm. An EMG showed denervation of the *right* arm and indicated a C7 radiculopathy with more acute findings on the right side. After receiving the report of the second accident, LRA terminated medical benefits. CTC also denied benefits, contending that the claimant's disability was related to the prior accident in 1999. LRA and CTC designated a physician to evaluate the claimant, and she opined that both accidents combined were responsible for, and substantially contributed to, the plaintiff's disability and need for medical benefits.

In April 2002, Ms. Tron filed disputed claims for compensation against Little Italiano and CTC for wage and medical benefits and for penalties and attorney fees. LRA filed an exception of prescription, alleging that the April 2002 claim was filed more than two years after LRA's last acknowledged indemnity benefit in February 2000. However, the record revealed that in October 2001, LRA had paid Ms. Tron $4,434.84, which reflected the payment of indemnity benefits in settlement of a dispute between the parties. Accordingly, the claim filed in April 2002 was found to be timely, and solidary liability was enforced against both employers.

Applying the analysis above in *Tron* to the time line in the present case, the record reveals that Hartford Casualty paid Mr. Rave his *last* TTD payment for the 1998 accident on November 25, 1998. Liberty Mutual paid Mr. Rave his *first* TTD payment, for the 1999 accident on August 3, 1999. Therefore, if the insurers are solidarily liable, then Liberty interrupted prescription as to Hartford in August 1999 by paying a wage benefit to Mr. Rave approximately nine months after Hartford paid its last wage benefit in November 1998.

The record further reveals that Liberty Mutual paid its *last* wage benefit to Mr. Rave on May 1, 2000, and that LWCC paid its *first* wage benefit to Mr. Rave, for the 2000 accident, on January 31, 2001. Hence, under a solidary liability analysis, LWCC interrupted prescription as to Liberty Mutual by paying a wage benefit to Mr. Rave approximately eight months after Liberty paid its last wage benefit in May 2000.

With regard to medical benefits, both Liberty and LWCC are still paying medical benefits for the right and left knees respectively, and only Hartford is claiming that the claim for medical benefits against it has prescribed. The record reflects that Hartford paid its *last* medical benefit on January 26, 1999, and that

Liberty paid its *first* medical benefit in August or September 1999, depending on how one interprets the printout regarding pending transactions. Therefore, again, under a solidary liability analysis, Liberty interrupted prescription as to Hartford seven or eight months after Hartford paid its last medical benefit in January 1999.

With regard to solidary liability in the present case, if all three accidents are work-related, and if they all combined to *cause* Mr. Rave's current disability, then there will be solidary liability under the law. If there is solidary liability, as shown above, the payments by Liberty interrupted prescription as to Hartford, and the payments by LWCC interrupted prescription as to Liberty. However, the defendants stated at the first summary judgment hearing on prescription that *causation* was an issue for trial, and that only prescription would be argued for the summary judgment motions. Therefore, we do not know at this time whether all accidents combined to cause Mr. Rave's current disability.

Notwithstanding, the parties have included in the record on appeal the deposition and hearing testimony of Mr. Rave, and the deposition and medical records of the physician Dr. Michael Duval, who performed all of Mr. Rave's surgeries and post-surgery follow-up care from 1998 to 2005. This evidence is factually similar to the facts in *Tron*. More specifically, Mr. Rave testified that the pain never stopped after the first accident, but rather remained at a level seven even after he returned to work. He further stated that when he stepped into the second hole, or depression, while walking backward in 1999, the pain went to a level nine for several hours and then returned to a seven.

Dr. Duval testified that Mr. Rave suffered a torn medial meniscus in each of the three accidents, for which he subsequently performed three arthroscopic surgeries, two to the right knee and one to the left knee. He characterized the second

injury to the right knee as a "recurrent meniscal tear" indicating to him that Mr. Rave may have re-aggravated his knee," in the second accident. He further testified that after surgery, the knee is more fragile and more susceptible to developing symptoms and problems. Dr. Duval ultimately performed knee replacements to both knees, along with other procedures, and testified that Mr. Rave has done poorly. In April 2006, Dr. Duval provided his opinion that Mr. Rave's inability to work is a result of both his right and left knee injuries, and further testified that additional surgeries to both knees could improve his range of motion.

However, Dr. Duval is not the only physician who treated Mr. Rave. The record indicates that Mr. Rave was treated by an occupational medicine physician, that he has undergone much physical therapy, and that he has had problems with depression. The pre-trial statement of the defendants indicates that many physicians and adjusters will likely be called to testify regarding causation. Therefore, as previously stated, we do not know yet whether causation will be proved at trial. Here, where causation is inextricably intertwined with solidary liability, and solidary liability indicates an interruption of prescription, we cannot determine one without the other. However, the testimony of Dr. Duval and Mr. Rave create genuine issues of fact regarding causation and solidary liability that prohibit summary judgment on the ultimate issue of prescription.

Moreover, the record containing the motions and oppositions of the parties and the comments of the WCJ indicate that she was not apprised by the parties of the jurisprudence on solidary liability in workers' compensation cases. Rather, her comments indicate that she believed that the last insurer, LWCC, was liable for all of the benefits due to the injured worker from the previous accidents. The lack of a complete and developed record led the WCJ into an error of law. Accordingly,

11

summary judgment was not proper as to Hartford Casualty, Liberty Mutual, and Wampold Companies, on the issue of prescription of Mr. Rave's claims for wage and medical benefits, and those judgments are hereby reversed.

**Prescription as to Claims for Penalties and Attorney Fees**

Mr. Rave's claims for wage and medical benefits were accompanied by additional claims for penalties and attorney fees as to all defendants for their failure to timely and fully pay benefits pursuant to La.R.S. 23:1201. Hartford Casualty and Liberty Mutual, along with Wampold, argued that these claims had also prescribed,[3] and the WCJ's granting of their partial motions for summary judgment effectively dismissed those claims as well. Accordingly, in reversing the summary judgments in favor of Hartford Casualty and Liberty Mutual as to the underlying claims, we also reverse the finding of prescription as to the claims for penalties and attorney fees. It is clear from a reading of the jurisprudence that when claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties.

For example, in *Tron v. Little Italiano,* 877 So.2d 1055, where solidary liability applied, the appellate court upheld the WCJ's assessment of penalties and attorney fees against the first insurer even though the first accident occurred over three years before the 1008 complaint was filed. In fact, defendants, as was the case in *Tron*, do not typically argue prescription of the claims for penalties and attorney fees when they are sought along with the underlying claims for benefits. Rather, they

---

[3]Defendants argue that the one-year prescriptive period for delictual actions set forth in La.Civ.Code art. 3492 applies to a workers' compensation claim for penalties and attorney fees, pursuant to *Craig v. Bantek West, Inc.,* 03-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, *writ denied,* 04-2995 (La. 3/18/05), 896 So.2d 1004. However, *Craig* did not address the underlying claims for benefits. Rather, it involved the prescriptive period on only the claim for penalties and attorney fees *which did not accompany the original claim for benefits.* Accordingly, we need not address *Craig* where there was no contemporaneous filing of a claim for penalties and attorney fees along with the underlying claim for benefits, as we have in the present case with Mr. Rave.

argue the fault of the defendant and whether penalties and fees are substantively proper in each case. More specifically, pursuant to La.R.S. 23:1201(F), penalties and attorney fees are assessed against either the employer or the insurer, depending upon fault, and they will not apply if the claim is reasonably controverted or if the employer or insurer can show that nonpayment resulted from conditions over which the employer or insurer had no control.

In the present case, no substantive argument or evidence was presented by either side regarding the fault of the defendants, i.e., what they knew and did not know, or when they knew it, in order for this court to decide this issue substantively. Once again, we are asked to rule only on the issue of prescription. Accordingly, we find that if the underlying claims for benefits have not prescribed, the accompanying claims for penalties and attorney fees have not prescribed. Therefore, without a finding of causation, it was improper for the WCJ to grant summary judgments dismissing Mr. Rave's claims for penalties and attorney fees based upon prescription.

IV.

**CONCLUSION**

Based upon the foregoing, the Office of Workers' Compensation's judgments in favor of Hartford Casualty, and in favor of Liberty Mutual and Wampold Companies, granting partial summary judgment based upon prescription of the underlying claims for benefits, and upon prescription of the claims for penalties and attorney fees, are hereby reversed. The case is remanded to the Office of Workers' Compensation for a trial on the merits regarding causation and, in light of the cited jurisprudence on solidary liability, for any attendant calculation of benefits as to each defendant. The OWC shall also determine whether the conduct of any of

13

the defendants subjects them to penalties and attorney fees and, if so, the amounts due.  The costs of this appeal are assessed against the defendants.

**REVERSED AND REMANDED.**