STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-266



MICHAEL W. TRAHAN

V.

CITY OF CROWLEY




************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 4
PARISH OF LAFAYETTE, NO.  02-09331
SHARON M. MORROW, WORKERS' COMPENSATION JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.


                              AFFIRMED IN PART;
                  REVERSED IN PART; AND RENDERED






Michael B. Miller
Post Office Box 1630
Crowley, Louisiana 70527-1630
(337) 785-9500
COUNSEL FOR PLAINTIFF/APPELLANT:
    Michael W. Trahan

**Christopher R. Philipp**
**120 Caillouet Place**
**Post Office Box 2369**
**Lafayette, Louisiana 70502**
**(337) 235-9478**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **City of Crowley**

**GENOVESE, JUDGE.**

In this workers' compensation case, claimant is appealing the judgment granting the employer's exception of prescription relative to his claims for penalties and attorney fees. The employer has answered this appeal, seeking a reversal of the award of permanent and total disability.[1] For the following reasons, we affirm in part, reverse in part, and render.

## FACTS

On November 15, 1993, the claimant/employee, Michael Trahan (Trahan), injured his back in the course and scope of his employment with the City of Crowley (City). The City paid Trahan temporary total disability benefits (TTD) beginning November 17, 1993 at a rate of $171.75 per week based upon an average weekly wage (AWW) of $257.73. Trahan's TTD benefits were relegated to supplemental earnings benefits (SEB) on May 25, 1994 at a rate of $744.25 per month. On October 27, 1997, SEB was reduced to $266.34 per month as result of a job offer extended by the City. Thereafter, on April 27, 1998, Trahan's benefits were increased to $369.39 per month, which is the amount he was receiving at trial.

Contending that he had been underpaid compensation benefits, Trahan filed a Disputed Claim for Compensation (Form 1008) on December 16, 2002, asserting that on November 15, 1993 he slipped and fell, injuring his back while working for the City. Trahan also sought penalties and attorney fees. The City answered, generally

---

[1] We note that in its brief to this court, the employer asserts three specifications of error and identifies four issues presented for review. However, in its answer to appeal, the employer appeals "the trial court's decision awarding the plaintiff's disability benefits." Therefore, the workers' compensation judge's award of permanent and total disability is the only issue raised in the answer to appeal which is properly before this court. La.Code Civ.P. art. 2133; *Roszell v. Nat'l Union Fire Ins. Co.*, 602 So.2d 87 (La.App. 3 Cir.), *writ denied*, 605 So.2d 1365 (La.1992) ; *Lolan v. Louisiana Indus.*, 95-602 (La.App. 3 Cir. 11/2/95), 664 So.2d 616.

1

denying the allegations set forth by Trahan, including the occurrence of a work-related accident, the nature and extent of Trahan's disability, and the amount of workers' compensation benefits to which he was entitled. The City also filed an exception, asserting that Trahan's claims for penalties and attorney fees had prescribed.

Following the trial on August 11, 2005, the workers' compensation judge (WCJ) found that the City improperly calculated Trahan's AWW by failing to include certain fringe benefits in its computation. The WCJ ruled that the correct calculation yielded an AWW of $205.63. On the issue of the reduction in SEB, the WCJ found that the reduction implemented as a result of the job offer was improper since the part-time job did not constitute a suitable job, and the offer of employment was not in keeping with the dictates of *Banks v. Industrial Roofing & Sheet Metal Works, Inc.*, 96-2840 (La. 7/1/97), 696 So.2d 551. The WCJ also ruled in favor of Trahan and awarded him permanent and total disability benefits as a result of the November 15, 1993 accident. Lastly, the WCJ granted the City's exception of prescription, ruling that Trahan's claims for penalties and attorney fees had prescribed. For the reasons that follow, we affirm in part, reverse in part, and render.

## ISSUES

The issue presented by Trahan for our review is whether the WCJ committed legal error in finding that Trahan's claims for penalties and attorney fees had prescribed. The issue presented by the City for our review in its answer to this appeal is whether the WCJ erred in awarding Trahan disability benefits.

2

## LAW AND DISCUSSION

**Prescription**

In response to Trahan's claims for penalties and attorney fees, the City filed an exception of prescription, asserting that any actions by the City occurring prior to December 16, 2001, allegedly warranting the imposition of penalties and attorney fees, had prescribed. The WCJ agreed and granted the exception of prescription. We reverse and render.

### *Standard of Review*

In general, an appellate court is to review factual findings issued in workers' compensation matters according to the manifest error-clearly wrong standard of review. However, when there are errors of law asserted on appeal, the appellate court must make a determination of whether the workers' compensation judge's ruling was legally correct. *Metoyer v. Roy O. Martin, Inc., 03-1540* (La.App. 3 Cir. 12/1/04), 895 So.2d 552, *writ denied*, 05-1027 (La. 6/3/05), 903 So.2d 467; *McClain v. Pinecrest Dev. Ctr.*, 00-1622 (La.App. 3 Cir. 2/28/01), 779 So.2d 1112; *Miller v. Blacktype Farms*, 06-1202 (La.App. 3 Cir. 3/7/07), 952 So.2d 867. The issue of prescription presented by Trahan on appeal involves a question of law. Therefore, we must determine whether the WCJ was legally correct in granting the City's exception of prescription.

In granting the City's exception of prescription, the WCJ relied on the first circuit decision of *Craig v. Bantek West, Inc.*, 03-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, *writ denied*, 04-2995 (La. 3/18/05), 896 So.2d 1004, which held that the one-year prescriptive period set forth in La.Civ.Code art. 3492 applied to a penalties and attorney fees claim under the provisions of the workers' compensation act.

3

However, when subsequently presented with the same issue, this court, in *Rave v. Wampold Companies*, 06-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847, reached a different result. This court held in *Rave* that "[i]t is clear from a reading of the jurisprudence that when claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties." *Id.* at 855.

In the instant matter, Trahan asserts that he is entitled to penalties and attorney fees based upon certain actions on the part of the City. It was not argued before the WCJ, nor is it asserted on appeal, that Trahan's underlying claims have prescribed. Rather, the narrow issue before this court is whether or not the resultant claims for penalties and attorney fees have prescribed. We find *Rave* to be controlling. Accordingly, we reverse the WCJ's grant of the City's exception of prescription, and we will now consider the merits of Trahan's claims for penalties and attorney fees.

***Penalties and Attorney Fees***

Trahan contends that various actions on the part of the City warrant the imposition of penalties and attorney fees pursuant to La.R.S. 23:1201.[2] In considering the penalties and attorney fee claims, we note that La.R.S. 23:1201 has undergone revisions since the occurrence of Trahan's accident in 1993, and we are mindful that "[t]he law in effect at the time of the denial of benefits governs a workers' compensation claimant's request for penalties and attorney fees." *Mullins v. Concrete Steel Erectors,* 06-510, p. 10 (La.App. 3 Cir. 9/27/06), 940 So.2d 803, 811, *writ denied,* 06-2588 (La. 12/15/06), 945 So.2d 698 (citing *Reed v. Abshire*,

---

[2]Although additional grounds were raised before the WCJ for the imposition of penalties and attorney fees, only the improper calculation of AWW and the reduction of SEB were briefed by Trahan on appeal. Therefore, this court will only consider and rule upon those issues which are properly before this court.

4

05-744 (La.App. 3 Cir. 2/1/06), 921 So.2d 1224; *Rivera v. M & R Cable Contractors, Inc.*, 04-985 (La.App. 3 Cir. 12/15/04), 896 So.2d 90; *Skipper v. Acadian Oaks Hosp.*, 00-67 (La.App. 3 Cir. 5/3/00), 762 So.2d 122). Trahan's claims for penalties and attorneys fees arose from actions by the City which occurred prior to the August 15, 2003 effective date of the amendment to La.R.S. 23:1201. Under the provisions of the statute in effect at the time of the denial of Trahan's benefits, La. R.S. 23:1201 provided that a claimant could recover 12% of unpaid benefits, or $2,000.00 per violation, whichever was greater.

Pursuant to La.R.S. 23:1201(F), penalties shall be awarded for an employer's failure to properly pay benefits unless the claim is reasonably controverted or resulted from conduct over which the employer or insurer had no control. In order to reasonably controvert a claim, the employer must have some valid reason or evidence upon which to base its denial of benefits. *Brown v. Texas-LA Cartage, Inc.*, 98-1063 (La. 12/1/98), 721 So.2d 885; *Smith v. Kinder Ret. & Rehab. Ctr.*, 06-1480 (La.App. 3 Cir. 4/4/07), 954 So.2d 365.

***Calculation of AWW***

Trahan contends that he is entitled to penalties and attorney fees for the City's improper calculation of his AWW. Given our reversal herein of the WCJ's grant of the City's exception of prescription, and the WCJ's ruling in favor of Trahan on the proper calculation of the AWW, we must now decide whether the City's improper calculation of Trahan's AWW warrants the imposition of a penalty and an attorney fee award.

The City argued before the WCJ that La.R.S. 23:1021(10)(c), does not provide a statutory basis for the inclusion of fringe benefits in the calculation of AWW. We

5

agree with the WCJ that "[t]hese arguments are not supported by case law." The cases of *Batiste v. Capital Home Health*, 96-799 (La.App. 3 Cir. 5/7/97), 699 So.2d 395, *Cook v. Dewey Rusk Flooring*, 93-1643 (La.App. 3 Cir. 8/10/94), 642 So.2d 234, *writ denied*, 94-2804 (La. 1/13/95), 648 So.2d 1343, *Daigle v. Sherwin-Williams Co.*, 545 So.2d 1005 (La.1989), and *Bananno v. Employer's Mutual Liability Insurance Co. of Wisconsin*, 299 So.2d 923 (La.App. 3 Cir. 1974), have all held that fringe benefits are to be included in the calculation of AWW. We find that the City did not reasonably controvert this claim. Therefore, we award Trahan a $2,000.00 penalty and will assess attorney fees for the City's improper calculation of the AWW.

### Reduction in SEB

Trahan also asserts that he is entitled to penalties and attorney fees for the City's reduction of SEB. On this issue, the WCJ also found in favor of Trahan and ruled "that the reduction in benefits taken October 27, 1997 was not proper." The WCJ expressly noted that the correspondence extending the offer of employment to Trahan gave "no description or information about the position being offered, no hours, except to appear by 7[:00] a.m.[,] and no indications of the wages to be paid." The WCJ found that the offer of employment failed to meet the "minimum requirements" of *Banks*, 696 So.2d 551. In addition thereto, the WCJ opined that it was "questionable whether the job offer was still valid at the time the reduction began on October 27, 1997." Based upon these factual findings of the WCJ, we find that the City did not have a reasonable basis upon which to controvert the claim. Accordingly, we award Trahan a $2,000.00 penalty and will assess attorney fees for the City's improper reduction of SEB.

6

**Permanent and Total Disability**

The WCJ ruled that Trahan was permanently and totally disabled as a result of his November 1993 work accident. In its answer to this appeal, the City contends that Trahan is not entitled to permanent and total disability benefits.

*Standard of Review*

The WCJ's award of permanent and total disability benefits in favor of Trahan is a factual determination which is subject to the manifest error or clearly wrong standard of review. *Maricle v. Sunbelt Builders*, *Inc.*, 05-398 (La.App. 3 Cir. 11/2/05), 916 So.2d 1226, *writ denied*, 05-2506 (La. 3/31/06), 925 So.2d 1261. Therefore, the WCJ's determination that Trahan is permanently and totally disabled is to be given great weight and will not be overturned unless this factual determination is clearly wrong.

In her oral reasons for judgment, the WCJ thoroughly discussed Trahan's medical history, including mention of a prior back injury in 1979 at L4-5 requiring surgical intervention. The WCJ noted Trahan's treatment following the November 1993 accident with Dr. Stuart Phillips beginning February 17, 1994, and the lumbar fusion which Dr. Phillips performed at L4-5 in March of 1996. Although Dr. Phillips initially considered the surgery to be a success, his records in 1997 document that Trahan's condition "progressively deteriorated," and despite Trahan's continuing complaints, Dr. Phillips did not think that he was a surgical candidate. Again referencing Dr. Phillips' records, the WCJ noted that by 2000 Trahan was walking with the aid of a cane. And, by December 2001, Dr. Phillips was of the opinion that Trahan suffered from failed back syndrome, that he was unable to return to work, and that he was permanently and totally disabled.

Following Dr. Phillips's retirement, Trahan began treating with Dr. Michel Heard. It was Dr. Heard's diagnosis that Trahan suffered from chronic pain syndrome with left radiculitis. Moreover, Dr. Heard was also of the opinion that Trahan was totally disabled, and he did not anticipate that Trahan would return to work. Dr. Heard also agreed that surgical intervention was not an option for Trahan.

The WCJ thoroughly considered Trahan's medical condition, his "continued complaints, his limited education, and the amount of medication he takes" in reaching the conclusion that he is permanently and totally disabled. We also note that Trahan has had extensive urological treatment, including the insertion of a bladder stimulation system which resulted in complications. Given that Trahan is over fifty years of age, has a ninth grade education, has limited reading and writing skills, has not worked since 1993, and considering his medical history, we find that the WCJ was not manifestly erroneous in concluding that Trahan was permanently and totally disabled. Therefore, we affirm the judgment of the WCJ awarding Trahan permanent and total disability benefits.

## DECREE

For the foregoing reasons, we reverse the judgment of the WCJ granting the exception of prescription filed on behalf of the City of Crowley. We hereby render judgment in favor of Michael W. Trahan awarding penalties in the amount of $4,000.00 and attorney fees in the amount of $10,000.00, consisting of $7,500.00 on the trial court level and $2,500.00 on appeal. Finally, we affirm the judgment of the WCJ finding Michael W. Trahan to be permanently and totally disabled.

Costs of this appeal are assessed against the City of Crowley.

**AFFIRMED IN PART; REVERSED IN PART; AND RENDERED**.

8