JAMES F. McKAY, III, Judge.
 

 11 Touro Infirmary submitted bills to Lowes New Orleans Hotel Corporation and its workers’ compensation insurer, The Phoenix Insurance Company for medical services it provided to Mallori Pierre on November 4 and 6, 2006. On December 8 and December 15, 2006, Phoenix made payment to Touro, but in amounts less than that mandated by the workers’ compensation fee schedule. On May 27, 2009, Touro filed a timely claim for the underpayment and asserted a claim for attorneys’ fees and penalties pursuant to La. R.S. 23:1201(F)(4).
 

 The defendants filed an exception of prescription as to Touro’s claims for penalties and attorneys’ fees, arguing that pursuant to the First Circuit’s holding in
 
 Craig v. Bantek West,
 

 [1]
 

 the prescriptive period applicable to plaintiffs claims for fees and penalties is one year from the date of underpayment. The trial court sustained the exception of prescription as to the plaintiffs claim for attorneys’ fees and penalties. It is from this judgment that Touro now appeals.
 
 [2]
 

 li>On appeal, Touro raises the following assignments of error: 1) the Office of Workers’ Compensation (OWC) erred in failing to consider the plain language of La. R.S. 23:1201(F)(4) in determining whether a claim for fees and penalties under that statute has prescribed; 2) the OWC erred in extending the First Cir
 
 *871
 
 cuit’s holding in
 
 Craig v. Bantek West
 
 to a provider’s claim under La. R.S. 23:1201(F)(4); and 3) the trial court erred in following
 
 Craig v. Bantek West,
 
 an opinion which not only has not been followed by this Circuit, but which also has been rejected by another circuit holding as to which the Louisiana Supreme Court denied writs.
 

 Under the plain language of La. R.S. 23:1201(F)(4), a provider’s claim for attorneys’ fees does not arise until after the provider has prevailed on the underlying claim for underpayment. The claim for underpayment does not prescribe until three years after the last payment.
 
 See
 
 La. R.S. 23:1201(F)(4). In the instant case, the underlying claim for underpayment was filed less than two years after the last payment was made. It is axiomatic that prescription does not begin to run on a claim until it has accrued.
 
 See Orlando v. E.T.I.,
 
 2007-1433 (La. 12/12/08), 15 So.3d 951. When claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties.
 

 Craig v. Bantek West, Inc.
 
 does not apply to the facts of this case. In
 
 Craig,
 
 the First Circuit only dealt with prescription of workers’ claims for attorneys’ fees hand penalties under subsection (F), not providers’ claims under subsection (F)(4). Subsection (F), which confers a claim for attorneys’ fees to a worker, differs substantially from subsection (F)(4), which deals solely with claims by healthcare providers. Unlike subsection (F)(4), subsection (F) does not state when the worker’s claim for attorneys’ fees accrues. Subsection (F)(4) expressly provides that the claim for penalties and attorneys’ fees does not arise until after the provider prevails on the underlying claim. In the instant case, the provider’s claim was brought within the three year prescriptive period. Clearly, the claim was not prescribed.
 

 Even if
 
 Craig
 
 was applicable to the facts of the instant case, we must note that the Third Circuit has specifically rejected
 
 Craig. See Trahan v. City of Crowley,
 
 2007-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557. The Third Circuit has also stated: “[i]t is clear from a reading of the jurisprudence that when claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties.”
 
 Rave v. Wampold Companies,
 
 2006-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847. We agree with this rationale.
 

 For the above and foregoing reasons, we reverse the OWC’s sustaining of the exception of prescription and remand this matter for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . 2003-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234.
 

 [2]
 

 . The issues raised in the instant case have also been raised by several other appeals and writ applications that have come before this Court or that are currently pending before this Court. The appeals include:
 
 Touro Infirmary v. Silocaf of New
 
 Orleans (2010-CA-0072),
 
 Touro Infirmary v. Silocaf of New Orleans
 
 (2010-CA-0073),
 
 Touro Infirmary v. Wm. B. Reily & Co., Inc.
 
 (2010-CA-0074),
 
 Touro Infirmaty v. Emeril’s Homebase, L.L.C. and Tire Phoenix Insurance Company
 
 (2010-CA-0104), and
 
 Touro Infirmary v. The Fisk Corporation, and The Travelers Property and Casualty Company of America
 
 (2010-CA-0105). The writ applications include:
 
 Touro Infirmary v. Hartford Fire Insurance Company
 
 (2010-C-0062),
 
 Touro Infirmary v. Sodexo, Inc.
 
 (2010-C-0063), and
 
 Touro Infirmaty v. Witt, Fiala, Flannety & Associates, Inc.
 
 (2010-C-0064).