MAX N. TOBIAS, JR., Judge.
 

 |rThe relator, Ruby Farley, asks this court to reverse an interlocutory judgment by the Office of Workers’ Compensation that dismissed her claim for penalties and attorney’s fees after the respondent, the City of New Orleans (“City”), terminated her temporary total disability benefits (“TTD benefits”). For the following reasons, we grant the writ application, reverse the judgment, and remand.
 

 The facts are undisputed. Ms. Farley was injured while working for the City in August 2005. She was laid off by the City following Hurricane Katrina and received unemployment benefits. Once those benefits terminated, TTD benefits were initiated in September 2006, which continued until their termination on 15 July 2007, when the relator’s physician released her to return to work full duty.
 

 On 10 June 2010, Ms. Farley filed a disputed claim for compensation against the City, (a) alleging that her wage benefits were unlawfully terminated, (b) regarding her disability status, and (c) claiming penalties and attorney’s fees for arbitrary and capricious behavior by the City. The City filed an exception of prescription, arguing that the claim for penalties and attorney’s fees had prescribed within one year from the date the benefits were terminated in July 2007. The | ^administrative law judge with the Office of Workers’ Compensation agreed, granted the exception, and dismissed this claim.
 

 In her writ application, Ms. Farley argues that the three-year prescriptive period found in La. R.S. 23:1209, which applies to supplemental earnings benefits, including TTD, governs. That statute provides in pertinent part:
 

 A. (1) In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter.
 

 (2) Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this
 
 *1117
 
 limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). [Emphasis supplied.]
 

 La. R.S. 23:1221(1) specifically applies to TTD benefits, which the relator was receiving. Thus, Ms. Farley had three years from the termination of her TTD benefits to seek reinstatement of those benefits. The disputed claim was timely filed. The question is whether her claim for penalties and attorney’s fees is also timely. Put another way, we must determine what prescriptive period applies: one year as asserted by the City or three years as claimed by Ms. Farley.
 

 The respondent relies on
 
 Craig v. Bantek West, Inc.,
 
 03-2757, p. 5 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234, 1237, wherein the court held that claims for penalties and attorney’s fees are subject to the one-year prescriptive period for delictual actions found in La. C.C. art. 3492. The
 
 Craig
 
 analysis was followed by our brethren of the Fifth Circuit in
 
 Seidl v. Zatarain’s, Inc.,
 
 05-0780, pp. 5-7 (La.App. 5 Cir. 3/28/06), 927 So.2d 557, 560-61.
 

 | a We find no Fourth Circuit cases directly on point. However, a series of recent cases from this court, see
 
 e.g. Touro Infirmary v. Silocaf of New Orleans,
 
 10-0072 (La.App. 4 Cir. 7/28/10), 44 So.3d 862, addressed the prescriptive time for a medical provider to sue for unpaid medical bills owed by an employer and its worker’s compensation insurer.
 
 [1]
 
 There, we held that a medical provider has three years from the date of the last payment to bring suit for underpayment pursuant to La. R.S. 23:1201(F)(4). We distinguished
 
 Craig
 
 because:
 

 [T]he First Circuit only dealt only dealt with prescription of workers’ claims for attorneys’ fees and penalties under subsection (F), not providers’ claims under subsection (F)(4). Subsection (F), which confers a claim for attorneys’ fees to a worker, differs substantially from subsection (F)(4), which deals solely with claims by healthcare providers. Unlike subsection (F)(4), which deals solely with claims by subsection (F) does not state when the worker’s claim for attorneys’ fees accrues. Subsection (F)(4) expressly provides that the claim for penalties and attorneys’ fees does not arise until after the provider prevails on the underlying claim. In the instant case, the provider’s claim was brought within the three year prescriptive period. Clearly, the claim was not prescribed.
 

 Id.
 
 at p. 2, 44 So.3d at 864. We then stated:
 

 Even if
 
 Craig
 
 was applicable to the facts of the instant case, we must note that the Third Circuit has specifically rejected
 
 Craig. See Trahan v. City of Crowley,
 
 2007-266 (La.App. 3 Cir. 10/3/07), 967 So.2d 557. The Third Circuit has also stated: “[i]t is clear from a reading of the jurisprudence that when claims for penalties and attorney fees accompany the claims for benefits, if the underlying claims have not prescribed, neither have the claims for attorney fees and penalties.”
 
 Rave v. Wampold Companies,
 
 2006-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847. We agree with this rationale.
 

 14
 
 Id.
 

 Turning to
 
 Rave v. Wampold Companies,
 
 06-978 (La.App. 3 Cir. 12/6/06), 944 So.2d 847, the court distinguished
 
 Craig:
 

 
 *1118
 
 Defendants argue that the one-year prescriptive period for delictual actions set forth in La.Civ.Code art. 3492 applies to a workers’ compensation claim for penalties and attorney fees, pursuant to
 
 Craig v. Bantek West, Inc.,
 
 03-2757 (La.App. 1 Cir. 9/17/04), 885 So.2d 1234,
 
 writ denied,
 
 04-2995 (La.3/18/05), 896 So.2d 1004. However,
 
 Craig
 
 did not address the underlying claims for benefits. Rather, it involved the prescriptive period on only the claim for penalties and attorney fees
 
 which did not accompany the original claim for benefits.
 
 Accordingly, we need not address
 
 Craig
 
 where there was no contemporaneous filing of a claim for penalties and attorney fees along with the underlying claim for benefits, as we have in the present case with Mr. Rave.
 

 Id.
 
 at p. 12, n. 3, 944 So.2d at 855.
 

 In the instant matter, we agree with the dicta of the
 
 Touro
 
 cases and the reasoning of
 
 Rave
 
 when they distinguished
 
 Craig.
 
 Accordingly, we hold that when claims for penalties and attorney fees accompany the claims for workers’ compensation benefits, if the underlying claims have not prescribed, neither have the claims for attorney’s fees and penalties. Thus, Ms. Farley’s claim for penalties and attorney’s fees have not prescribed. Therefore, we grant the relator’s writ application, reverse the judgment of the Office of Workers’ Compensation below, and remand for further proceedings.
 

 SUPERVISORY WRIT GRANTED; JUDGMENT REVERSED; REMANDED
 

 [1]
 

 . The other cases include:
 
 Touro Infirmary v. Wm. B. Reily & Co., Inc.
 
 10-0074 (La.App. 4 Cir. 7/28/10), 44 So.3d 867;
 
 Touro Infirmary v. Lowes New Orleans Hotel Corporation,
 
 10-0103 (La.App. 4 Cir. 7/28/10), 44 So.3d 869;
 
 Touro Infirmary v. Emeril’s Homebase, L.L.C.,
 
 10-0104 (La.App. 4 Cir. 7/28/10), 44 So.3d 871;
 
 Touro Infirmary v. Fisk Corp.,
 
 10-0105 (La.App. 4 Cir. 7/28/10), 44 So.3d 874.